*In re* MARRIAGE OF HERMAN LANDWEHR, Petitioner-Appellant, and FRANCES LANDWEHR, Respondent-Appellee.

First District (1st Division)   No. 1—89—3297

Opinion filed January 27, 1992.

Driscoll & Driscoll, of Schaumberg (Michael S. Schiffman and James P. Driscoll, of counsel), for appellant.

Batler & Schwartz, of Buffalo Grove, and William R. Jacobs II, of Des Plaines (Jerome Marvin Kaplan, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:
This appeal arises from an action for dissolution of marriage. Herman (Herman) and Frances (Frances) Landwehr were married in 1968. They separated in 1982. The couple have no children. Herman filed a petition for dissolution in December 1983, and, following a trial, the matter was resolved in October 1989. The issues presented at trial were limited to the classification of property as marital or nonmarital, the valuation of assets, the distribution of property, and the dissipation of assets.

Relevant here, the trial judge determined that Herman had dissipated marital funds in expenditures for European trips, attorney fees, home furnishings, and to support Erika Korak, with whom Herman lived after separating from Frances. Frances was awarded a net amount of $16,000, following a setoff for amounts she, herself, was found to have dissipated. The trial judge also valued Herman's 1986 Oldsmobile Cutlass at $15,980 and his 1976 Mercedes Benz at $16,000. Finally, the trial judge classified property located at 1034 Monroe Street in Evanston, Illinois, as nonmarital property belonging to Frances. Herman appeals each of the above determinations.

We affirm in part, reverse in part, and remand with directions.

Herman first argues that the evidence presented regarding dissipation did not support the trial judge's findings. Initially, Herman accurately points out that the record does not establish a clear point in time when the marriage was irretrievably broken in order to permit measurement of dissipation. However, the record does permit some consideration of dissipation at least as of 1982, the time at which Herman stated he began living with Erika Korak. Obviously, the marriage between Herman and Frances had to have been undergoing an irretrievable breakdown at least as of that time.

Regarding specific expenditures, Herman took several trips to Germany at a cost of approximately $500 to $600 per trip. However, all of his trips, save for one, predated 1983. In fact, the most expensive of those trips, costing approximately $12,000, was taken prior to 1980.

As for attorney fees, Herman estimated that he paid $10,000, although he was not certain of that amount.

Herman also purchased furnishings for a property located at 2108 Larkdale Avenue in Glenview, Illinois. Herman was living there in

1982 after his separation. Herman stated that, within two years previous to his testimony, he purchased two Oriental rugs for $2,700 and two chairs for $535 and $320, respectively. Herman also spent $690 at a particular department store but could not remember any specific furniture items purchased.

Last, Herman's testimony indicated he may have purchased items at boutiques for Erika Korak. However, the record does not indicate what the items were, their cost, or when they may have been purchased.

■ Generally, dissipation involves one spouse's use of marital property for a selfish purpose unrelated to the marriage at a time when the marriage is undergoing an irretrievable breakdown. (*In re Marriage of Partyka* (1987), 158 Ill. App. 3d 545, 511 N.E.2d 676.) Determinations regarding dissipation are matters within the trial judge's discretion and may not be disturbed absent a showing of an abuse of that discretion. *In re Marriage of Kaplan* (1986), 149 Ill. App. 3d 23, 500 N.E.2d 612.

■ Regarding the amounts spent on European trips, the judgment order does specifically cite Herman's vacation expenditures but does not indicate whether all, or only some, of those trips were included in consideration of the amounts found to have been dissipated. The record indicates that the trial judge considered the combined cost of eight trips. However, no evidence was presented establishing any such number of trips was taken after such time as it could be determined the parties' marriage was suffering an irretrievable breakdown. Similarly, although the judgment cites expenditures for attorney fees, furnishings, and support for Erika Korak, no specific amounts for those items are given and no testimony established expenditures for those items in amounts necessary to support the total amount, after the setoff, found to have been dissipated by Herman. Thus, even without considering the issue of Frances' alleged dissipation, we conclude that the record does not support the determination as to the amounts Herman was found to have dissipated. We therefore reverse that determination with instructions to reconsider the issue of dissipation by both parties.

Herman also contends the trial judge improperly classified property located at 1034 Monroe Street in Evanston as nonmarital property belonging to Frances because marital funds were used to purchase the property.

Frances testified that she purchased property at 1034 Monroe Street in 1969 for $35,000. For the $10,000 down payment, Frances stated, she used funds which had been received by her two children as

child support payments by Frances' former husband, gifts from Frances' brother and uncle, proceeds of her son's life insurance policy, and amounts in bank accounts held for the children's benefit. The balance of the property was financed through a $13,000 mortgage and a $12,000 unsecured loan from neighboring friends. The mortgage from the bank was actually a mortgage on another property located on Monroe Street for which Frances was the sole obligor. Rental income generated by the 1034 Monroe Street property was used to repay the mortgage on the property. The mortgage was retired in 1983. Frances stated that the loan from the neighbors was repaid in 1976 or 1977.

Under section 503(a) of the Illinois Marriage and Dissolution of Marriage Act, marital property includes all property acquired by either spouse subsequent to the marriage, except where the property is acquired under the following circumstances: by gift, legacy or descent; in exchange for property acquired before the marriage or in exchange for property acquired by gift, legacy, or descent; by a judgment of legal separation; pursuant to a valid agreement of the parties; through any judgment or property obtained by judgment awarded to a spouse from the other spouse; or through property acquired before the marriage. Ill. Rev. Stat. 1983, ch. 40, par. 503(a).

■ We cannot conclude the circumstances under which Frances purchased the 1034 Monroe Street property are addressed by the exceptions above and, therefore, the property should have been classified as marital. Frances here argues that Herman effectively conceded award of the property to her because, in proposed findings submitted to the trial judge, Herman, while asserting that the property was marital property, indicated that the property should be awarded to Frances. However, even accepting Frances' argument that Herman made that concession in the proposed findings, award of the property to Frances does not automatically follow. Any concession by Herman that Frances should be awarded the property was necessarily made in the contemplation that the other proposed findings suggested by Herman were accepted. Because the property was purchased after Frances and Herman were married and because not all of the funds used to purchase the property could be considered nonmarital, the property must be classified as marital and the trial judge's determination reversed. Accordingly, the ultimate award of the 1034 Monroe property must be determined on remand after consideration of the property distribution in light of the classification of the 1034 Monroe property as marital property.

■ Lastly, Herman challenges the trial judge's valuation of his 1986 Oldsmobile and his 1976 Mercedes Benz.

It was Herman's testimony that he purchased the Cutlass for $16,000 and the Mercedes Benz for $12,000. Herman concedes that he presented no evidence at trial as to the present value of either automobile. At the time of the judgment, the Oldsmobile was approximately three years old and the Mercedes-Benz was approximately 13 years old.

The only evidence in the record regarding the actual value of the automobiles is their purchase price and, therefore, we find no reason to disturb the determination of values made by the trial judge. It would be a matter of speculation to assume, without evidence, that the age of the automobiles, alone, indicates some other valuation would be more proper. In that regard, we note, the appellate court has criticized the practice of parties in dissolution proceedings to challenge the trial judge's determination of the value of property where the parties, themselves, have failed to provide evidence upon which a purportedly more fair valuation might be made. See *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 448 N.E.2d 545.

Affirmed in part; reversed in part and remanded with directions.

BUCKLEY, P.J., and CAMPBELL, J., concur.