*In re* MARRIAGE OF CHRISTOPHER HAHIN, Petitioner-Appellant, and SANDRA L. HAHIN, Respondent-Appellee.

Second District    No. 2—93—1331

Opinion filed August 23, 1994.

Charles E. Petersen, of Presbrey & Amoni, of Aurora, for appellant.

Kenneth E. Poris and Zachary H. Lawrence, both of Poris & Lawrence, Ltd., of Lisle, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The petitioner, Christopher Hahin (husband), appeals from a marital dissolution order of the circuit court of Du Page County which declared that he dissipated marital assets, ordered him to pay

maintenance to the respondent, Sandra L. Hahin (wife), of $400 per month for five years, and denied his request for joint custody of their two minor children. For the following reasons, we vacate the property settlement and maintenance award. We affirm the custody determination.

The Hahins were married in 1969 and filed for dissolution in 1992. The parties stipulated that the husband earned $55,500 a year in his job as an engineer for the Department of Transportation (DOT). The wife earned approximately $8,500 a year from child care in her home. The husband has bachelor's and master's degrees in engineering. The wife has a bachelor's degree in social science, but she did not work outside the home.

The couple moved to Glen Ellyn in 1981. He was laid off from two jobs he held in the area, both because of cutbacks at the businesses. In 1987, the husband accepted a job with the DOT in Springfield, Illinois. The couple agreed that the husband would maintain a residence in Springfield and the wife would stay in Glen Ellyn with the children. At that time, the couple considered the separation "temporary." Evidence at trial indicated that the marriage had broken down by the time the husband purchased a home in Springfield in 1991. The record does not make clear exactly when the breakdown occurred.

The husband testified during a two-day trial that he wanted joint custody because he felt such an arrangement would provide an important balance for his children and that he could help them with their education and general development.

The wife requested sole custody, saying that she was more attuned to her children than was the husband and that it would be difficult to share custody with the husband residing in Springfield. She also testified that she did not seek employment outside the home since separating from the husband because she needed additional training to qualify for a job in her field.

While residing in Springfield, the husband continued to support the family, including paying a second mortgage on the Glen Ellyn home. He purchased a home in Springfield for $72,000 secured with "various mortgages." The Glen Ellyn home was valued at $118,000. The parties stipulated that the wife had acquired nonmarital assets of $18,574 and the husband had nonmarital assets worth $11,722.

The trial court awarded the wife a disproportionately large share of marital property because it found that the husband "dissipated marital assets, in that he utilized marital funds for the Springfield residence and his living expenses there at a time when the marriage was broken down." The court awarded the wife the Glen Ellyn resi-

dence subject to a first mortgage of about $68,000, an automobile, half of the couple's personal property investment, the 1991 tax refund, half of any 1992 tax refund, and the Glen Ellyn home furnishings.

The husband was awarded the Springfield home subject to its debt, other vehicles, half of the personal property investments, his pension and deferred compensation plan, and half of any 1992 tax refund. He was ordered to assume all credit card debt (about $17,000) and to provide insurance coverage and pay medical expenses for the family. He was also ordered to pay the wife $400 per month for five years, subject to review after five years.

Although finding that both parties "appear to be fit and proper persons to have custody of the children," the court granted the wife sole custody "because they [the children] have resided in Glen Ellyn some distance from Mr. Hahin, and are clearly integrated into the community there." The husband was granted "liberal visitation" and ordered to pay $917 per month in child support.

On appeal, the husband contends that the trial court erred in (1) finding him guilty of dissipation of marital assets, which led to the court awarding the wife a disproportionate split of marital assets; (2) ordering him to pay $400 per month maintenance for five years; and (3) granting the wife sole custody of their children. We believe that the finding of dissipation was not supported by the evidence. Therefore, we vacate the trial court's order as to the division of marital assets and spousal maintenance. However, we affirm the trial court's order concerning custody.

When dividing marital property, trial courts are required to consider all relevant statutory factors (*In re Marriage of Jacks* (1990), 200 Ill. App. 3d 112, 118-19), which include the contribution of each party; the dissipation of assets by either party; the value of property assigned to each spouse; the duration of the marriage; the relevant economic conditions of each party; the obligations arising from prior marriages; the antenuptial agreements; the age, health, station and occupation of each party; the custody provisions of the children; the prospects of each spouse for future earnings; and the tax consequences. Ill. Rev. Stat. 1991, ch. 40, par. 503(d) (now codified, as amended, at 750 ILCS 5/503(d) (West 1992)).

The equal distribution of marital property is favored unless the statutory factors demonstrate that such distribution would be inequitable. (*In re Marriage of Moll* (1992), 232 Ill. App. 3d 746, 755.) Here, the court found that the dissipation by the husband justified an unequal distribution of marital assets.

The dissipation of marital assets occurs when a spouse uses mar-

ital property for his or her own benefit for a purpose that is unrelated to the marriage and which occurs at a time when the marriage is in serious jeopardy or undergoing an irreconcilable breakdown. (*In re Marriage of Phillips* (1992), 229 Ill. App. 3d 809, 825.) Whether certain conduct constitutes dissipation depends upon the facts of each case. (*In re Marriage of Seversen* (1992), 228 Ill. App. 3d 820, 824.) The trial court's finding as to dissipation will not be reversed on appeal absent an abuse of discretion (*In re Marriage of Rai* (1989), 189 Ill. App. 3d 559, 565), which occurs only when no reasonable person could adopt the trial court's view (*In re Marriage of Getautus* (1989), 189 Ill. App. 3d 148, 153).

A party charged with dissipation is obliged to demonstrate through clear and specific evidence how the suspect funds were spent. (*In re Marriage of Hagshenas* (1992), 234 Ill. App. 3d 178, 194; *In re Marriage of Bush* (1991), 209 Ill. App. 3d 671, 676.) General and vague statements about such funds are insufficient to defeat a charge of dissipation. *In re Marriage of Radae* (1991), 208 Ill. App. 3d 1027, 1031.

■ Here, neither party accused the other of dissipation. The trial court *sua sponte* found dissipation by the husband in maintaining his separate Springfield residence. Thus, the husband was never given the opportunity to present "clear and specific" evidence that his expenditures for the Springfield residence were legitimate. We believe the trial court abused its discretion in finding dissipation *sua sponte* because the two-day trial produced no clear evidence that the husband spent more than reasonable sums to maintain the Springfield home, which was clearly required for his job and which was agreed to by the wife in advance. "[T]he expenditure of marital funds by one spouse for necessary, appropriate and legitimate living expenses at a time when the marriage is undergoing an irreconcilable breakdown will not be considered to be dissipation." *Hagshenas*, 234 Ill. App. 3d at 197.

As we have noted, dissipation occurs only when funds are spent by one party after the marriage is undergoing a breakdown. Here, it was not made clear when the breakdown occurred, other than it occurred by the time the husband purchased a home in Springfield in 1991. The original separation occurred in 1987. The trial court acknowledged in its written ruling that it was unable to determine the degree of dissipation involved. Thus, the court had no rational basis from which to measure how much of a share the wife was entitled to beyond the presumptive 50% share of marital assets.

The wife argues that the husband's activities during the final years of the marriage were suspect because he sold several stocks

and repaid a loan to his father prior to filing for divorce. However, the record does not make clear whether the proceeds of the stock sales were used for other than reasonable expenses. Because the issue of dissipation was never raised at trial, it was never made clear whether, or to what extent, the stock sales and loan repayments could be considered dissipation. Merely changing the species of assets from stocks to cash or retiring debt is not, per se, dissipation.

Some of the money apparently was used for remodeling of the kitchen of the Glen Ellyn home. The wife was awarded that property, which was valued at $118,000 and had net equity of $60,500. Some of the money was used to repay a loan on the Springfield home made to the husband by the father. The husband received that property in the settlement, but he also was ordered to assume all debt related to the home, which was valued at $80,000 and had just $6,000 in equity. Additionally, the evidence showed that much of the funds used to purchase the stocks originally were gifts to the husband from his father. Gifts, legacies, and inheritances to one spouse are generally not marital property. Ill. Rev. Stat. 1991, ch. 40, pars. 503(a)(1), (a)(2) (now 750 ILCS 5/503(a)(1), (a)(2) (West 1992)); *Hagshenas*, 234 Ill. App. 3d at 186.

We find support for our determination in *In re Marriage of Landwehr* (1992), 225 Ill. App. 3d 149, in which the appellate court overturned a finding by the trial court of dissipation by the husband when, as here, the record did not indicate clearly when the marriage broke down and did not indicate specific amounts alleged to have been dissipated. *Landwehr*, 225 Ill. App. 3d at 150-51.

The wife claims on appeal that the husband waived his objections to the dissipation finding because he did not raise the matter at trial. This contention is wholly without merit. As we pointed out above, the issue of dissipation was never raised at trial, but was found *sua sponte* by the trial court. In *In re Marriage of Harper* (1989), 191 Ill. App. 3d 245, the Appellate Court, Fourth District, ruled that although Supreme Court Rule 366(b)(3)(ii) (134 Ill. 2d R. 366(b)(3)(ii)) eliminates the need in nonjury civil trials for the filing of a post-trial motion, it "does not eliminate the requirement for a timely objection to an alleged procedural error, especially where, as here, that error could have been easily corrected by the trial court." (*Harper*, 191 Ill. App. 3d at 247.) Two years later, in *In re Marriage of Wright* (1991), 212 Ill. App. 3d 392, the Appellate Court, Fifth District, criticized the *Harper* holding and determined that Rule 366(b)(3)(ii) "clearly enables a party to raise certain issues for the first time on appeal." *Wright*, 212 Ill. App. 3d at 398.

■ The courts in *Wright* and *Harper* agreed, however, that the

trial court generally should be given an opportunity to correct its alleged error prior to raising an issue on appeal. Here, the trial court had an opportunity to consider whether it erred in finding dissipation because the husband included that allegation in a written post-trial motion. Given that the husband here had no opportunity to object at trial and that the trial court had an opportunity to reconsider the dissipation issue, the husband clearly preserved this claim for appellate review.

Because we find that the trial court erred in finding dissipation, we vacate the court's order to the extent it relates to the distribution of assets and spousal maintenance, and we remand for reconsideration in light of our ruling.

■ We affirm the trial court's refusal to grant the husband joint custody of the Hahins' two minor children. In determining custody, a trial court must make a determination based on the best interests of the children and consider all relevant statutory factors (*Radae*, 208 Ill. App. 3d at 1029), which include the wishes of the parents; the wishes of the children; the interaction and interrelationship of the children and parents; the presence of siblings and other persons who may significantly affect the children's best interests; the children's adjustment to their home, school and community; the mental and physical health of all individuals involved; the physical violence or threat of violence by the children's potential custodian; and the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the children and the other parent. Ill. Rev. Stat. 1991, ch. 40, par. 602(a) (now 750 ILCS 5/602(a) (West 1992)).

When either party in a dissolution matter files a petition for joint custody, the court must consider that arrangement. (Ill. Rev. Stat. 1991, ch. 40, par. 602.1(b) (now 750 ILCS 5/602.1 (West 1992)).) The court may enter an order awarding joint custody if it determines that joint custody would be in the best interests of the children, taking into account the ability of the parents to cooperate with each other towards the best interests of the children, the residential circumstances of each parent, and other factors relevant to the best interests of the children. Ill. Rev. Stat. 1991, ch. 40, par. 602.1(c) (now 750 ILCS 5/602.1(c) (West 1992)).

In child custody cases there is a compelling presumption in favor of the result reached by the trial court, which is vested with great discretion because of its superior opportunity to observe the witnesses, evaluate the evidence, and determine the best interests of the child. (*In re Marriage of Willis* (1992), 234 Ill. App. 3d 156, 161.) Therefore, the trial court's custody determination will not be

overturned on appeal unless it is against the manifest weight of the evidence or unless the court has abused its discretion. *In re Marriage of Phillips* (1993), 244 Ill. App. 3d 577, 584.

Here, the trial court based its determination that joint custody would not be in the best interests of the Hahin children, in large part, on the fact that the husband resided far from his children. This distance would make a joint custody arrangement difficult to manage. The wife argued that, in addition to the difficulty of transporting the children between Glen Ellyn and Springfield, the distance between her and the husband would complicate the handling of numerous routine parental duties. We cannot say that the trial court's determination, based on the testimony at trial, was against the manifest weight of the evidence or an abuse of discretion.

The judgment of the circuit court of Du Page County is affirmed in part and vacated in part, and the cause is remanded for further proceedings in accordance with this opinion.

Affirmed in part; vacated in part and remanded.

INGLIS, P.J., and GEIGER, J., concur.