16 July 1999

No. 2--98--1116

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF             ) Appeal from the Circuit Court

EDGAR F. BENNETT,             ) of Du Page County.

                              )

Petitioner-Appellee,     ) No. 97--D--0589

                              )

and                           )          

                              ) 

BEATRICE M. BENNETT,          ) Honorable                  

                              ) Thomas J. Riggs,

Respondent-Appellant.    ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:
 

Respondent, Beatrice Bennett, appeals from the trial court's judgment dissolving her marriage to petitioner, Edgar Bennett.  We affirm.

We must first address Beatrice's motion to strike portions of Edgar's statement of facts because it is argumentative in violation of Supreme Court Rule 341(b) (177 Ill. 2d R.341(b)).  However, after reading Edgar's brief, we conclude that the statement of facts is not violative of the rule, and we deny the motion to strike.

Beatrice first contends that the court abused its discretion when it ordered her to reimburse Edgar for a portion of college expenses that Edgar had paid on behalf of their daughter Karen.

Karen attended Berklee College in Boston, Massachusetts.  At the time of trial, Karen was beginning the fourth year of a four-

year program.  Beatrice was trustee on four accounts containing approximately $40,000 owned by Karen.  Beatrice had refused to release any of the funds to Karen for use towards tuition or room and board and also declined Edgar's request for a contribution towards Karen's educational expenses.  Edgar testified that he had spent $75,000 of his nonmarital assets to pay for the first three years of Karen's education.  Edgar sought reimbursement for half of these expenses from Beatrice.  The trial court ordered Beatrice to reimburse Edgar $37,500, with $15,000 to come from Karen's trust accounts and $22,500 from Beatrice's funds.

We conclude that the court did not err in ordering Beatrice to reimburse Edgar for a portion of Karen's previous educational expenses.  The awarding of educational expenses is within the sound discretion of the trial court.  
In re Marriage of Stockton
, 169 Ill. App. 3d 318, 328 (1988).  Beatrice argues that the court has no authority to order her to reimburse Edgar for the payment of expenses that predate the filing of the petition for dissolution.  Comparing an award of educational support to an award of child support (see 
In re Marriage of Dieter
, 271 Ill. App. 3d 181, 190 (1995)), Beatrice argues that, since a trial court has no authority to retroactively modify a child support order (see 
In re Marriage of Henry
, 156 Ill. 2d 541, 544 (1993)), there is no authority for a court to impose a support reimbursement order retroactively for funds expended before the case was filed.  However, 
she cites no case law or statute prohibiting the court from ordering reimbursement for the educational expenses paid prior to the filing of a petition for dissolution.  The appellate court has considered reimbursement for the educational costs expended after an order of dissolution, and the concept was not rejected.  See 
Singer v. Singer
, 70 Ill. App. 3d 472 (1979)
 (court declined to grant a request for reimbursement only because the petitioner did not demand a specific amount or present evidence as to actual payments made or her financial position).  Furthermore, a child's educational expenses are chargeable to both parents under section 15(a)(1) of the Rights of Married Persons Act (the Expense Statute).  See 750 ILCS 65/15(a)(1) (West 1996).  Under the Expense 

Statute, creditors may sue parents jointly or separately for family and education expenses.  750 ILCS 65/15(a)(1) (West 1996).  Thus, Beatrice could have been held liable for all or any portion of Karen's expenses before or after the petition for dissolution was filed.  See 
Proctor Hospital v. Taylor
, 279 Ill. App. 3d 624, 626-

27 (1996).  We decline to hold that a trial court
 abuses its discretion in granting reimbursement for the educational expenses paid 
before
 the filing of a petition for dissolution and find no error here.

Beatrice next contends that the $75,000 expended by Edgar for Karen's education was a dissipation of marital assets.  Dissipation occurs when a spouse uses
 marital property for his or her own benefit for a purpose unrelated to the marriage and which occurs at a time when the marriage is in serious jeopardy or undergoing an irreconcilable breakdown.  
In re Marriage of Hahin
, 266 Ill. App. 3d 168, 171 (1994).  Whether certain conduct constitutes dissipation is a factual issue, and a trial court's finding as to dissipation will not be reversed on appeal absent an abuse of discretion.  
Hahin
, 266 Ill. App. 3d at 171.

We conclude that the trial court did not abuse its discretion in finding that the $75,000 spent on Karen's education was not a dissipation of assets.  First, the record is unclear as to whether the funds were marital assets.  Beatrice testified that the account from which Edgar paid the funds was established with Edgar's premarital assets, although dividends from the fund had been included on the family tax returns.  Edgar also testified that the account from which the funds were paid was nonmarital.  The court found the account to be Edgar's nonmarital property, and this finding is not against the manifest weight of the evidence.  As the funds were nonmarital, it was not an abuse of discretion for the trial court to find no dissipation of marital assets.

Beatrice next contends that the court erred in limiting her inquiry into Karen's tax returns.  Beatrice requested that the court order Karen to sign an Internal Revenue Service form to allow the IRS to release copies of Karen's tax returns to Beatrice.  The court denied the request, stating that, since Karen was not a party to the litigation, Beatrice should speak to Karen outside of court to obtain that information.

Beatrice argues that the court refused her access to the return.  However, the record reflects that Beatrice obtained a copy of Karen's 1997 tax return, which Beatrice labeled as exhibit R-7.  The record does not reflect how or from where Beatrice received the document; however, since she obtained the document, Beatrice suffered no injury, and the court did not commit prejudicial error by denying the request to order Karen to release the document.

Beatrice also argues that the court refused to allow her to question Edgar regarding Karen's tax return.  The court overruled Edgar's objection to the relevancy of the return but then sustained a relevancy objection to a question regarding Edgar's claim of Karen as an exemption on his own tax return.  The court then adjourned for lunch.  When the trial resumed later that afternoon, Beatrice asked no questions about Karen's tax return.  The court did not prevent Beatrice from inquiring about the return; Beatrice simply abandoned the line of questioning.  No error occurred.

We also find meritless Beatrice's argument that the court improperly stopped her from inquiring into the possible dissipation of marital funds via bank accounts held by Edgar's parents.  Beatrice requested the court to order Edgar to sign a form authorizing the IRS to release to Beatrice the 1993 through 1997 tax returns of Erwin and Simone Bennett, Edgar's parents, over whose bank accounts Edgar exercised a power of attorney.  Beatrice contended that marital assets may have been placed by Edgar into some of those accounts in banks located in New Hampshire.  The court denied the request, finding that Erwin and Simone "are not parties to this litigation.  There's been no showing that there is some sort of conspiracy to secrete funds
 ***."  The court later sustained several objections during Beatrice's line of questioning regarding those accounts and explained to Beatrice what she must show in order to properly allege dissipation.  After a few more relevancy objections were sustained by the court, Beatrice "quit," declining to ask any more questions, present any more witnesses, or make any argument.

We find no error in the court's refusal to order Edgar to authorize the release of his parents' tax returns or in the court's handling of Beatrice's examination of Edgar.  Edgar's parents were not parties to this litigation.  Beatrice made no allegations regarding who placed marital funds in the accounts, what funds may have been placed there, or when the funds were placed there.  Beatrice set out on a fishing expedition, which the court properly shut down.  As to Beatrice's questioning of Edgar, Beatrice, while proceeding 
pro se
, was still required to follow the same rules of evidence as any attorney.  The court properly sustained objections to questions posed by Beatrice, who eventually stopped her questioning.  The court did not err in handling Beatrice's examination of Edgar.

Beatrice next contends that the court erred in finding that Edgar did not dissipate marital assets when he paid approximately $13,500 of medical expenses for their son, David.  These payments took place after Edgar had left the marital home.  However, once again, the funds used to make these payments came from an account that the court found to be a nonmarital asset, a finding that we conclude is not an abuse of discretion.  Since dissipation requires the use of 
marital
 assets (see 
Hahin
, 266 Ill. App. 3d at 171), the court did not err in finding no dissipation.

Beatrice finally contends that the court abused its discretion in denying maintenance to Beatrice.  The court found that both Edgar and Beatrice were "self-supporting and *** not in need of maintenance because each party possesses sufficient property to provide for his or her reasonable needs."  Edgar's pension benefits were divided equally between Edgar and Beatrice, and each was exclusively awarded his or her social security benefits.  Edgar was already retired and receiving benefits; Beatrice was eligible to receive her benefits beginning in December 1998, approximately four months after the entry of the judgment.  Each party was awarded an automobile, the personal property currently in his or her possession, and a checking account.  All other checking accounts were to be divided equally.  Beatrice retained possession of the marital house and was given the option to buy Edgar's share of the house and his share of a vacant lot; if she did not make those purchases, the properties were to be sold and the proceeds divided equally.  

Whether a party is entitled to maintenance depends on that party's needs and the spouse's ability to pay.  
In re Marriage of Hochleutner
, 260 Ill. App. 3d 684, 691 (1994).  The award of maintenance lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion or a determination that the award was against the manifest weight of the evidence.  
In re Marriage of Andrew
, 258 Ill. App. 3d 924, 927-28 (1993).

We find no abuse of discretion in this case.  The marital property was evenly divided, and each party had nonmarital assets for support.  Edgar was already retired and received only social security benefits and half of his monthly pension payment.  Beatrice was to receive the other half of the pension payment and was to begin receiving social security payments in several months.  Both parties could be receiving roughly the same amount of benefits and pension.  We cannot conclude that, with roughly equivalent assets and income, Beatrice had needs greater than Edgar's or that Edgar, in his retirement, had any ability to pay, especially since both of the children lived with Edgar.  Beatrice has failed to show that the court abused its discretion in denying an award of maintenance.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and GALASSO, JJ., concur.