*In re* MARRIAGE OF DONNA J. VANCURA, Petitioner-Appellee, and RICHARD R. VANCURA, Respondent-Appellant.

Second District    No. 2—04—0672

Opinion filed March 15, 2005.

Henry S. Dixon, of Dixon & Dixon Law Offices, of Dixon, for appellant.

Theodore Liebovich, of Liebovich & Weber, P.C., of Rockford, for appellee.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Respondent, Richard R. Vancura, appeals the trial court's final ruling on division of property pursuant to the dissolution of his marriage to petitioner, Donna J. Vancura. He argues that: (1) the trial court erred in its valuation of certain marital assets; (2) the trial court erred in finding that he dissipated a $16,000 check; (3) there was insufficient evidence to support the trial court's valuation of his Hub City Motor Sports commercial real estate; (4) the trial court erred in

valuing the equipment and fixtures at respondent's business; (5) the trial court erred in finding the existence of two cars owned by respondent; (6) the award of attorney fees to petitioner is unwarranted; and (7) the contempt sanctions imposed by the trial court on respondent were inappropriate. We affirm.

Because we will incorporate the relevant facts into our discussion of the issues, we lay them out only briefly here. The parties married on November 21, 1994, and their marriage was dissolved on July 15, 2003. During their marriage, the parties owned and operated two car dealerships: Blackhawk Motor Company and Hub City Motor Sports.

Prior to the trial for division of the parties' property, the trial court entered sanctions against respondent for his failure to comply with discovery. Pursuant to those sanctions, respondent's answer was stricken, he was barred from presenting evidence at the division of property trial, and the trial was conducted as a default prove up. The trial court issued its memorandum opinion and order, which divided the parties' property, on May 19, 2004. Respondent timely appeals that order.

Because respondent laces his objection to the trial court's imposition of discovery sanctions throughout all of his arguments, we address that argument first. The record reveals that petitioner served respondent with several discovery requests, including interrogatories and requests to produce, and respondent failed to respond to those requests within 28 days. Petitioner filed a motion to compel on October 16, 2003. The court granted the motion and ordered respondent to respond to discovery by November 30. Petitioner received no response by December 1 and filed a motion for sanctions. On December 5, respondent provided answers to interrogatories, which answers petitioner claimed were deficient in several respects. Though the record does not contain a transcript of a hearing on December 9, petitioner's filings appearing in the record indicate that the trial court ordered respondent to comply with discovery by December 11 or risk having his evidence barred at trial. After receiving no further discovery, petitioner filed an amended motion for sanctions against respondent, and that motion was heard on December 18, when the trial court sanctioned respondent by striking his answer and barring him from presenting evidence during the default prove up for division of the parties' property. No transcript of the December 18 hearing appears in the record.

■ The imposition of discovery sanctions is largely a matter within the discretion of the trial court and will not be disturbed on review unless the sanctions constitute an abuse of discretion, such as where the sanctioned party's conduct was not unreasonable or where the

sanctions themselves are not just. *Hartnett v. Stack*, 241 Ill. App. 3d 157, 172 (1993). The record here includes the trial court's sanctions order and its previous order compelling respondent to comply with discovery by November 30, but the record does not include a transcript of the hearing at which sanctions were discussed. We resolve all doubts due to incompleteness of the record against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). As such, we find no abuse of discretion in the trial court's imposition of sanctions.

Respondent's remaining contentions center on the believability and sufficiency of the evidence supporting the trial court's findings, especially in light of evidence he claims he would have submitted had the trial court not prevented him from doing so. However, we find no abuse of discretion in the discovery sanctions imposed, and, thus, we will consider only the evidence presented to the trial court at the default prove up.

■ Respondent first argues that the trial court erred in valuing automobiles from Blackhawk Motors pursuant to a November 11, 2002, inventory prepared by respondent, instead of pursuant to more accurate evidence of the vehicles' worth as of July 15, 2003, the date of the dissolution of the parties' marriage. See *In re Marriage of Brooks*, 138 Ill. App. 3d 252, 260 (1985) (property should be valued at the time of judgment of dissolution of marriage).

A trial court's determination of the value of marital assets in a division-of-property proceeding will not be disturbed on appeal unless it is against the manifest weight of the evidence. *In re Marriage of Cutler*, 334 Ill. App. 3d 731, 736 (2002). However, the inventory relied on by the trial court was competent evidence of the value of the cars, and, as the trial court stated in its memorandum opinion, respondent did not comply with discovery that may have revealed more accurate evidence of the vehicles' worth as of July 15, 2003. Therefore, the trial court's valuation of the automobiles was not against the manifest weight of the evidence.

Respondent second argues that the trial court erred in finding dissipation as a result of respondent's cashing a check made out to Blackhawk Motor Company, in the amount of $16,000, without the knowledge or consent of petitioner. Dissipation has been defined as the use of marital property for the sole benefit of one of the spouses for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown. *In re Marriage of Petrovich*, 154 Ill. App. 3d 881, 886 (1987).

■ Before moving further on this issue, we must pause to determine our proper standard of review. We first note that respondent omits reference to our standard of review for any of the issues he ap-

peals, in contravention of the mandate of Supreme Court Rule 341(e) (188 Ill. 2d R. 341(e)). We therefore admonish respondent before moving to consider the standard ourselves.

While a majority of appellate court cases apply an abuse of discretion standard of review to a trial court's determination as to whether dissipation occurred in a given case (*e.g., In re Marriage of Zweig*, 343 Ill. App. 3d 590, 596 (2003); *In re Marriage of Hahin*, 266 Ill. App. 3d 168, 171 (1994)), many cases apply a manifest weight of the evidence standard (*e.g., In re Marriage of Rai*, 189 Ill. App. 3d 559, 565 (1989)), and still others inexplicably apply both standards (*In re Marriage of Carter*, 317 Ill. App. 3d 546, 551 (2000); *In re Marriage of Blunda*, 299 Ill. App. 3d 855, 865 (1998)).

Abuse of discretion is the most deferential standard of review—next to no review at all—and is therefore traditionally reserved for decisions made by a trial judge in overseeing his or her courtroom or in maintaining the progress of a trial. *In re D.T.*, 212 Ill. 2d 347, 356 (2004). Manifest weight review, on the other hand, is generally reserved for factual or evidentiary determinations. T. O'Neill & S. Brody, *Taking Standards of Appellate Review Seriously: A Proposal to Amend Rule 341*, 83 Ill. B.J. 512, 518 (1995) (hereinafter, O'Neill & Brody).

Several cases discussing the review of a dissipation finding confuse the two standards and invoke an abuse of discretion standard of review for a dissipation on the basis that they are reviewing an issue of fact. *E.g., Zweig*, 343 Ill. App. 3d at 596; *In re Marriage of Bennett*, 306 Ill. App. 3d 246, 248 (1999). However, because the determination of whether dissipation occurred in a given case is a factual one (*e.g., Petrovich*, 154 Ill. App. 3d at 886), appellate courts must review it using the manifest weight of the evidence standard of review.

■ Further examination of the cases that apply abuse of discretion review to a dissipation finding leads us to believe they also conflate the standard of review given to the trial court's determination regarding the final distribution of marital property and that given to the trial court's finding as to whether dissipation took place.[1] *E.g., Zweig*,

---

[1]Other cases applying the abuse of discretion standard simply misread appellate court precedent. For example, the court in *Hahin* cites *Rai* for the proposition that "[t]he trial court's finding as to dissipation will not be reversed on appeal absent an abuse of discretion." *Hahin*, 266 Ill. App. 3d at 171. However, *Rai* clearly states that "a finding concerning dissipation will not be disturbed unless it is against the manifest weight of the evidence." *Rai*, 189 Ill. App. 3d at 565. Several later cases rely on *Hahin* in asserting that the abuse of discretion standard applies. See *In re Marriage of Cerven*, 317 Ill. App. 3d 895, 900 (2000); *In re Marriage of Henke*, 313 Ill. App. 3d 159, 178 (2000); *Bennett*, 306 Ill. App. 3d at 248.

343 Ill. App. 3d at 596 (stating abuse of discretion applies to review of a dissipation finding based on misreading of *Petrovich*, 154 Ill. App. 3d at 886, which quotes *In re Marriage of Smith*, 128 Ill. App. 3d 1017, 1019 (1984), which cites two cases for the proposition that the trial court's final determination on property disposition receives abuse of discretion review). This common error only serves to further obfuscate the proper appellate standard of review for disposition of property cases. See O'Neill & Brody, 83 Ill. B.J. at 518; see also *In re Marriage of Gurda*, 304 Ill. App. 3d 1019, 1025 (1999); *In re Marriage of McHenry*, 292 Ill. App. 3d 634, 640 (1997); *In re Marriage of Auriemma*, 271 Ill. App. 3d 68, 74 (1994); *In re Marriage of Dunseth*, 260 Ill. App. 3d 816, 830-31 (1994); *In re Marriage of Isaacs*, 260 Ill. App. 3d 423, 429 (1994); *In re Marriage of Thomas*, 239 Ill. App. 3d 992, 994-95 (1993); *Head v. Head*, 168 Ill. App. 3d 697, 702 (1988) (all confusing the standards of review for the dissipation finding and for the final distribution of property or citing cases that do the same). For clarity, we correct the error here. A reviewing court applies the manifest weight of the evidence standard to the factual findings for each factor on which a trial court may base its property disposition, but it applies the abuse of discretion standard in reviewing the trial court's final property disposition (and how the trial court considers those factors). See *In re Marriage of Phillips*, 229 Ill. App. 3d 809, 824-25 (1992) (properly applying abuse of discretion standard to final disposition of property and manifest weight standard to finding of no dissipation); O'Neill & Brody, 83 Ill. B.J. at 518. Accordingly, we apply the manifest weight of the evidence standard to respondent's second contention on appeal.

■ Respondent argues that the trial court erred in finding dissipation as a result of respondent's cashing the Blackhawk Motors check, without the knowledge or consent of petitioner. However, petitioner testified as to the existence and amount of the check, the fact that she had not been given any of the proceeds from the check, and the fact that respondent had deposited the check in his personal bank account. The general principle is that the person charged with the dissipation is under an obligation to establish by clear and specific evidence how the funds were spent. *Petrovich*, 154 Ill. App. 3d at 886. Here, petitioner testified that she did not know how the funds were spent, and respondent, due to the discovery sanctions imposed on him, was unable to present evidence as to how the funds were spent. Thus, he did not meet his obligation to establish by clear evidence how the funds were spent, and the trial court's finding of dissipation was not against the manifest weight of the evidence.

Respondent asserts that the trial court's finding of dissipation

must be reversed because the court raised the issue of dissipation *sua sponte* and without argument from the parties. A reviewing court may reverse a *sua sponte* finding of dissipation where the party accused of dissipation was never given an opportunity to present evidence that the expenditures were reasonable. See *Hahin*, 266 Ill. App. 3d at 171. However, a *sua sponte* finding of dissipation will not be reversed where the record is clear as to when the parties separated and when the asset was dissipated, and where questioning concerning the dissipated asset put the parties on notice that the asset might be at issue. *In re Marriage of Henke*, 313 Ill. App. 3d 159, 178 (2000). Thus, where an attorney at trial inquired as to the location and value of a distribution from an individual retirement account but did not allege dissipation, the trial court correctly raised the issue of dissipation. *Henke*, 313 Ill. App. 3d at 177-78. Here, petitioner was questioned on her knowledge of the check, its value, and its location, and it is undisputed that the check was cashed after the parties had separated. Further, we note that, in any event, the discovery sanctions imposed on respondent precluded his offering evidence to establish that no dissipation occurred. Again, we find no abuse of discretion in the trial court's imposition of those sanctions, and we hold that the trial court did not err in raising the issue of dissipation. Finally, we note that petitioner *did* actually ask the court to find that respondent dissipated the check. During closing argument, petitioner's attorney asked that respondent "pay [petitioner] one-half of the amount of the check [to Blackhawk Motors] \*\*\*. \*\*\* What happened to the proceeds of that check we have no idea but it's dissipation of a marital asset." Respondent's second argument is without merit.

■ Respondent's third argument on appeal is that there was insufficient evidence to support the trial court's finding that the value of respondent's Hub City Motor Sports real estate was $125,000. Here, petitioner testified as to the value of the Hub City real estate, and, thus, there was competent evidence in the record upon which the trial court could have relied in valuing the real estate. Respondent notes a previous appraisal of the Hub City real estate, not introduced into evidence, that valued the property at $80,000. However, during cross-examination, petitioner stated that the lower appraisal came before substantial improvements on the property. The court's valuation of the real estate was not against the manifest weight of the evidence.

■ Respondent's fourth argument on appeal is that the trial court erred in valuing the equipment and fixtures at Hub City Motor Sports. He argues that the valuation was against the manifest weight of the evidence or, alternatively, that the value of the fixtures should have been included in the value of the Hub City real estate. However, just

as she did for the Hub City building itself, petitioner testified as to the value of the fixtures and equipment in the Hub City building, and thus the trial court's valuation of the fixtures was not against the manifest weight of the evidence. There was little evidence concerning the nature of the fixtures—petitioner testified generally to their existence and their approximate value. Thus, based on the evidence available to it, which was limited due to respondent's failure to comply with discovery, the trial court could have reasonably found that the equipment was not attached to the real estate and should have been valued separately from the real estate.

■ Respondent's next argument on appeal is that the trial court erred in finding the existence and value of two Corvette automobiles. The trial court's judgment on property division states that "[t]he 1971 red and 1971 white [C]orvette automobiles shall be sold within 60 days in a manner which is agreed upon [by the parties] ***. *** Proceeds of sale after payment of any proper liens on said vehicle[s] shall be divided equally between the parties." Respondent argues, and our review of the record confirms, that, in describing respondent's marital property, petitioner referred only to two white or gray Corvette automobiles and one blue Corvette automobile and that a reference to a red Corvette appears nowhere in the record.

However, in her proposed apportionment (filed with the trial court), petitioner referred to two 1971 Corvettes, one silver and one with no color specified. In his statement of proposed apportionment (filed with the trial court), respondent admitted that "[t]wo 1971 Chevrolet Corvettes are correct [sic] identified in the [petitioner's] Disclosure. *** [Respondent] agrees that the vehicles can be sold, the indebtedness thereon paid and the equity divided equally between the parties." Therefore, we find that the trial court's memorandum order referred to these two 1971 Corvettes, even though it misidentified their colors. Especially in light of the fact that respondent specifically admitted the existence of the automobiles, we hold that the trial court's finding the existence of the automobiles was not against the manifest weight of the evidence.

■ Respondent's final argument on appeal is that the trial court erred in awarding attorney fees to petitioner. The party seeking an award of attorney fees must establish her inability to pay and the other spouse's ability to do so. *In re Marriage of Puls*, 268 Ill. App. 3d 882, 889 (1994). Financial inability exists where requiring payment of fees would strip that party of her means of support or undermine her financial stability. *Puls*, 268 Ill. App. 3d at 889. A trial court's decision to award or deny fees will be reversed only if the trial court abused its discretion. *In re Marriage of Snow*, 277 Ill. App. 3d 642, 653 (1996).

Here, the trial court had evidence before it of the parties' relative financial positions, including petitioner's financial affidavit and respondent's answers to interrogatories. The trial court also stated that, in ruling on petitioner's attorney fees request, it had to determine "whether [petitioner] has the ability to pay her own attorney fees and whether [respondent] has the ability to pay said fees. This Court must make a determination whether the estate of the parties [*sic*] seeking the fees would be exhausted or the party's means of support would be inhibited and undermined if the fee award were not made." Thus, the trial court had ample evidence upon which to base its decision to award attorney fees to petitioner, and it applied the proper test in reaching its decision. We hold that the trial court's award of attorney fees to petitioner was not an abuse of discretion.

For the foregoing reasons, we affirm the judgment of the trial court of Ogle County.

Affirmed.

BYRNE and CALLUM, JJ., concur.