No. 2--07--1226     Filed: 11-6-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DEBORAH ORLANDO COONEY, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 06--CH--1485 |
| | ) | |
| KATHRYN BISCHOFF, | ) | Honorable |
| | ) | Janet R. Holmgren, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

On May 29, 2007, defendant, attorney Kathryn Bischoff, filed a petition for child-representative fees under section 506 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/506 (West 2006)). Following a hearing, the trial court granted defendant's petition. Pro se plaintiff, Deborah Orlando Cooney, timely appealed. Plaintiff argues that the trial court erred in awarding defendant child-representative fees for services rendered after defendant had been discharged as the child representative. For the reasons that follow, we affirm the trial court.

On October 17, 2002, defendant was appointed as the representative of plaintiff's minor children in a postdissolution proceeding. On November 16, 2006, during the pendency of the postdissolution proceeding, plaintiff initiated the present case by filing a "Complaint for the Issuance of a Mandatory Injunction" against defendant in the chancery division of the circuit court of Winnebago County. Plaintiff's complaint asked the court to "enter an order requiring the defendant

to appear on a date certain and give her testimony" in an administrative hearing related to plaintiff's custody of the minor children. Also on November 16, defendant filed a motion to withdraw as the child representative.

On December 14, 2006, defendant filed a response to plaintiff's complaint for a mandatory injunction. Defendant argued that the relief requested by plaintiff was contrary to section 506 of the Act, which provides that a child representative "shall not be called as a witness." 750 ILCS 5/506(a)(3) (West 2006).

On December 19, 2006, the trial judge in this case ordered defendant to "attend the [administrative] hearing pursuant to the subpoena, said appearance to be on a date to be set by [ALJ] Baechle." On that same date, the trial judge in the dissolution case granted defendant's motion to withdraw as child representative.

On May 29, 2007, defendant filed a petition for child-representative fees. In her petition, she alleged that, on October 17, 2002, she was appointed as child representative in the postdissolution proceeding. She further alleged that, on November 16, 2006, "[p]laintiff filed a complaint against [her] in this cause concerning her activities as a child representative in [the postdissolution proceeding]." She stated that "she has incurred attorney's fees since November 16, 2006 in this case as a result of her appointment as a child representative in [the postdissolution proceeding] in the amount of $3,115.00." Defendant sought fees for legal services, including the following: performing research; drafting a response to plaintiff's complaint for a mandatory injunction; reviewing plaintiff's file to respond to the administrative subpoena; preparing documents to respond to the subpoena; appearing at various times in the chancery case; drafting correspondence to the ALJ concerning her

schedule; reviewing plaintiff's file prior to testifying at the administrative hearing; and testifying at the administrative hearing.

On August 2, 2007, the trial court issued a memorandum ruling that defendant could pursue her petition for fees:

"[Defendant] is a party to this suit solely because of her position as the child representative for [plaintiff"s children] and all of the actions undertaken by her and the time spent have been to further and protect the best interest of her clients. Accordingly, the Petition for Child Representative Fees is granted."

Following a hearing on the reasonableness of the amount of defendant's fees, the trial court issued a memorandum decision stating that the services rendered "were all required and rendered in conjunction with the [p]laintiff's efforts to compel [defendant's] testimony and produce documents regarding her services as the [children's] representative. [Defendant] had received two separate subpoenas and had to respond to document requests." The court further found that "[t]he times for the various services [were] reasonable in light of the litigiousness of the parties and the novelty and complexity of the issues regarding a child representative's testimony and privilege issues are in keeping with the duty of a child representative to protect the interests of her minor clients." The court awarded defendant $3,115, which included additional fees for the preparation of her petition, and plaintiff now timely appeals.

On appeal, plaintiff argues that the trial court erred in awarding child-representative fees to defendant under the Act, because the Act does not allow such fees for services performed after the child representative has been discharged. Plaintiff's argument regarding the interpretation of the Act

presents a question of law to be reviewed de novo. See In re Marriage of Best, 228 Ill. 2d 107, 116 (2008) ("Construction of a statute presents a question of law to be reviewed de novo").

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature, and the best indicator of that intent is the language the legislature used in the statute. We therefore begin by reciting the relevant language from the Act. Section 506(b) of the Act provides as follows:

> "The court shall enter an order as appropriate for costs, fees, and disbursements, including a retainer, when the *** child's representative is appointed. Any person appointed under this Section shall file with the court within 90 days of his or her appointment, and every subsequent 90-day period thereafter during the course of his or her representation, a detailed invoice for services rendered with a copy being sent to each party. The court shall review the invoice submitted and approve the fees, if they are reasonable and necessary. *** The provisions of Sections 501 and 508 of this Act shall apply to fees and costs for attorneys appointed under this Section." 750 ILCS 5/506(b) (West Supp. 2007).

Section 508(a) of the Act provides that attorney-fee awards may be made in connection with, among other things, the maintenance or defense of any proceeding under the Act, the enforcement or modification of any order or judgment under the Act, and "[a]ncillary litigation incident to, or reasonably connected with, a proceeding under" the Act. 750 ILCS 5/508(a)(6) (West 2006).

From this statutory scheme, we glean three relevant limitations on a trial court's ability to award fees pursuant to section 506(b). First, pursuant to section 508(a) the fees must be related to a proceeding under the Act or to some ancillary litigation reasonably connected with a proceeding under the Act. See 750 ILCS 5/508(a)(6) (West 2006); 750 ILCS 5/506(b) (West Supp. 2007)

(incorporating section 508(a)). Second, because the child representative may obtain his or her fees only after "fil[ing] with the court within 90 days of his or her appointment, and every subsequent 90-day period thereafter during the course of his or her representation, a detailed invoice" for the claimed fees (750 ILCS 5/506(b) (West Supp. 2007)), we can infer that a trial court may award fees only for work done "during the course of *** representation (750 ILCS 5/506(b) (West Supp. 2007))." Third, as section 506(b) explicitly states, in order to approve the fees sought, the trial court must deem them "reasonable and necessary." 750 ILCS 5/506(b) (West Supp. 2007). As with any other statute in which such findings or discretionary determinations are required, the trial court is vested with the duty to decide whether all three of these requirements are met before awarding fees under the Act, and the trial court's conclusions on these points must be afforded the appropriate deference on review.[1]

At first blush, it would seem that plaintiff is correct that an order discharging a child representative would end the "course of his or her representation" and thus preclude the award of fees for work done thereafter. However, we do not interpret the statute as creating a per se test binding the trial court to conclude, regardless of its view of the case, that an act is not within the course of representation if it occurs after the trial court has issued an order discharging the attorney. Rather, the Act requires the trial court to reach its own conclusions as to whether work falls within the

---

[1]The deference to be afforded the trial court on review is reflected by the standard of review applied to its decisions. A trial court's factual determinations will not be overturned unless they are against the manifest weight of the evidence, and a trial court's discretionary decisions will not be overturned unless the record demonstrates an abuse of discretion. In re Marriage of Vancura, 356 Ill. App. 3d 200, 203-04 (2005).

course of representation (and also whether it meets the other two statutory requirements). In reaching this determination, the trial court may, and should, take into account any relevant factors, including whether a discharge order was entered prior to the performance of the work at issue.

Aside from having the unfortunate effect of removing an incentive for child representation, a contrary approach would exalt form over substance. It is unquestioned that a trial court may rescind a discharge order or reappoint a child representative after a discharge, and the representative in such a case would be entitled to fees for reasonable and necessary work performed as a result. The only difference between that case and this is that the trial court here did not go through the technicality of entering an explicit order revoking the discharge order. The absence of such a technicality should not change our result.

By awarding fees to defendant, the trial court here implicitly concluded that defendant's work fell within the course of representation, even though the work postdated the trial court's discharge order. We see no basis for overturning this conclusion.

The dissent states that it is "uncontested that the defendant's representation *** ceased *** when the trial court *** discharged her." Slip op. at 7. We disagree, and we emphasize what we said above, that our conclusion is that defendant is entitled to her full fees because the trial court implicitly found that the work postdating the discharge order came within the course of representation. We do not base our holding, as the dissent states, on the idea that "the trial court could have reappointed [defendant]" (slip op. at 7); we base our holding on the idea that the trial court had the authority to determine that the course of representation did not cease with the discharge order.

Based on the foregoing, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

JORGENSEN, J., concurs.

JUSTICE SCHOSTOK, concurring in part and dissenting in part:

While I am sympathetic to the majority's effort to find a basis on which to affirm the trial court's grant of the defendant's final fee petition in this case, I do not believe that the Act authorizes payment of child-representative fees for services rendered after the child representative has been discharged. The defendant incurred $1,470 in fees prior to her discharge, and the plaintiff does not contest the award of these fees on appeal. I therefore concur in the majority's disposition insofar as it relates to these predischarge fees. However, there is nothing in the Act that allows the defendant to be paid as a child representative for the services she rendered when she was no longer the child representative. I therefore respectfully dissent from the majority's affirmance of the trial court's award of the postdischarge fees.

The majority concedes that the plain language of the Act contemplates the payment of fees for work done by a child representative only during the course of his or her representation. Slip op. at 5. It is uncontested that the defendant's representation of the children in this case ceased on December 19, 2006, when the trial court granted her motion to withdraw and discharged her. Nevertheless, the majority affirms the grant of the defendant's postdischarge fees on the tenuous ground that, because the trial court could have reappointed the defendant for the purpose of responding to the plaintiff's subpoena (thereby permitting her to recover her fees under section 506 of the Act), its failure to do so should be considered an oversight that unfairly penalized the defendant. Slip op. at 6.

This is a perilous approach to appellate review. The record does not disclose why the trial court simultaneously ordered the defendant to comply with the plaintiff's subpoena and discharged her from her representation of the children. In the absence of evidence on this point, it is not our role to speculate. Nor can such speculation justify departing from the plain strictures of the Act:

> "The most fundamental rule of statutory interpretation is that a court must give effect to the intent of the legislature. King v. First Capital Financial Services Corp., 215 Ill. 2d 1, 26 (2005). The best indicator of legislative intent is the language used in the statute itself, and, where possible, that language must be given its plain and ordinary meaning. King, 215 Ill. 2d at 26. A court may not ' "supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law" ' if doing so would depart from the plain language of the statute. King, 215 Ill. 2d at 26, quoting In re Marriage of Beyer, 324 Ill. App. 3d 305, 309-10 (2001). If the language of the statute is clear, a court must follow it without resorting to other aids of construction. King, 215 Ill. 2d at 26." Millennium Maintenance Management, Inc. v. County of Lake, No. 2--07--0728, slip op. at 9 (August 15, 2008).

Here, the language of the Act is clear: a child's representative may recover fees for work done only during the course of representation. The Act simply does not support awarding fees for work performed after discharge from representation.

The majority is concerned that denying the defendant her postdischarge fees could discourage attorneys from serving as child representatives. Slip op. at 6. There is no reason, however, why a child representative cannot avoid all danger by simply waiting until all services have been rendered before seeking discharge. Other attorneys involved in dissolution proceedings face similar

limitations on their ability to recover for their services. See, e.g., 750 ILCS 5/503(j)(1) (West 2006) (petitions for contribution to attorney fees must be filed within 30 days of the dissolution judgment). In addition, other types of witnesses responding to subpoenas face similar challenges in ensuring that they are adequately compensated for their time and expenses. These witnesses, many of whom are professionals whose time is equally valuable as the defendant's time, commonly find ways to achieve reasonable compensation without resort to statutory compensation schemes such as section 506 of the Act. Here, the defendant's postdischarge fees result either from complying with document production requests and the plaintiff's subpoena (expenses faced by multitudes of other witnesses in civil suits each day) or from her own efforts to avoid such compliance (expenses typically borne by witnesses seeking to avoid having to comply). While I am not unsympathetic to the defendant's plight, I do not find it to be the type of "absurd result" that would justify a departure from the plain language of the Act. People v. McCarty, 223 Ill. 2d 109, 126 (2006).

Accordingly, I would reduce the defendant's child-representative fee award from $3,115 to $1,470, for services rendered through her December 19, 2006, discharge date, and affirm the judgment of the circuit court of Winnebago County as modified.