*In re* MARRIAGE OF HAZEL KOCH, Plaintiff-Appellant, and HERBERT KOCH, Defendant-Appellee.

Second District No. 83—0086

Opinion filed November 3, 1983.

Jonathan L. Carbary, of Robert A. Chapski, Ltd., of Elgin, for appellant.

Howard W. Broecker, of Geneva, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The dispositive issue raised on this appeal is whether a judgment of dissolution of marriage which reserved maintenance and property issues for future determination is a final order and thus appealable under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)).

On February 4, 1982, Hazel Koch filed a petition to dissolve her marriage to the defendant. On November 5, 1982, after a contested hearing on the grounds for dissolution, the trial court entered a written finding that the grounds for dissolution were established and con-

tinued the matter for settlement of the remaining issues. On January 7, 1983, on motion of the defendant, judgment of dissolution of marriage was entered reserving issues relating to support and maintenance, property dissolution and payment of debts and attorney fees for future determination pursuant to section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 401(3)).

On January 13, 1983, plaintiff moved to vacate the judgment dissolving the marriage on the grounds that the said judgment was entered without giving plaintiff proper notice of, or an opportunity to contest, defendant's motion that the judgment of dissolution be entered. The trial court, on the same day, entered an order denying plaintiff's motion to vacate and found there was no just reason to delay an appeal. Plaintiff has appealed the order of January 13, 1983, denying her motion to vacate the judgment for dissolution of marriage, and the judgment order of dissolution of marriage entered January 7, 1983.

■ Relying upon the recent Illinois Supreme Court opinion in *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, defendant contends that the judgment of dissolution is not a final order within the meaning of Supreme Court Rule 304(a) and therefore not appealable.

We agree.

Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) provides, in part, that when multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more, but fewer than all, of the claims only if the trial court has made an express finding that there is no just reason to delay enforcement or appeal. However, despite the finding by the trial court that there is no just reason for delaying the appeal of the order, it is not appealable if it is not in fact a final order. *National Tea Co. v. Gaylord Discount Department Stores, Inc.* (1981), 100 Ill. App. 3d 806, 808-09; *Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 558.

In *Leopando,* the supreme court considered the effect of Rule 304(a) on the appealability of a dissolution order. Specifically, the question before the supreme court was whether a custody order, where the requisite special finding had been made and the question of maintenance, property and attorney fees had been reserved for future court action, amounted to a "claim" within the meaning of Rule 304(a). The supreme court found that such custody order does not constitute a "separate" claim in a dissolution proceeding and is therefore not a final order. In reaching this conclusion, the court found that a petition for dissolution only advances a single claim for an or-

der dissolving the marriage; other issues, such as custody, property disposition and support are merely questions ancillary to the cause of action. *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119.

■■ ■ In oral argument, plaintiff argues that the holding of non-appealability in *Leopando* should apply only to orders concerning ancillary questions such as custody and support, and should not bar the appeal of an order which resolves the single claim—the dissolution of the marriage—even though the ancillary questions have not been resolved. *Leopando* cannot be construed so narrowly. The *Leopando* court not only found that a petition for dissolution of marriage advances a single claim and that custody orders, property distribution, *et cetera* are only ancillary questions or issues, but also found that until all the ancillary issues were resolved, the petition for dissolution is not fully adjudicated. *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119, citing *Davis v. Childers* (1965), 33 Ill. 2d 297 (Rule 304(a) does not authorize the appeal from an action involving a single claim in which fewer than all of the issues have been resolved).

It should be further noted that in reaching its conclusion the *Leopando* court found guidance in Justice Ward's concurring opinion in *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 409. The judgment order in *In re Marriage of Lentz* was substantially identical to the order from which plaintiff seeks to appeal in the present case; it granted the petition for dissolution of marriage but reserved for future decision the ancillary questions of maintenance and property division. Justice Ward's concurrence held that the single claim presented in a petition for dissolution is not a final order until a judgment is entered that disposes of the entire claim, including the ancillary issues of support and custody. The *Leopando* court reaches the same conclusion as did Justice Ward in *In re Marriage of Lentz* and unequivocally holds that issues raised in a dissolution of marriage case are not separate claims; therefore, until all matters are resolved an appeal cannot be taken under Rule 304(a). (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120.) The appeal is dismissed.

Appeal dismissed.

REINHARD and HOPF, JJ., concur.