*In re* MARRIAGE OF GERI L. ROSENOW, Petitioner-Appellee, and JOHN B. ROSENOW, Respondent-Appellant.

Fourth District   Nos. 4—83—0379, 4—83—0795 cons.

Opinion filed April 25, 1984.

Dotson & Fuqua, of Mattoon, for appellant.

Edward H. Rawles, of Reno, O'Byrne & Kepley, of Champaign, for appellee.

JUSTICE GREEN delivered the opinion of the court:

This case presents the question of whether a trial court's order in a dissolution of marriage proceeding, which reserves jurisdiction for the purpose of later deciding the question of the apportionment of a party's nonvested pension benefits, is an appealable order. We conclude that it is not, and dismiss these appeals.

The petitioner filed a petition for dissolution of marriage on March 23, 1982. A judgment of dissolution was entered on December 3, 1982. All ancillary matters were reserved for future disposition. On May 4, 1983, the court entered a supplemental judgment order, apportioning the parties' marital property. Jurisdiction to apportion the respondent's interest in the State Universities Retirement System pension fund was "reserved by the court for an apportionment determination if, as, and when Respondent receives any benefits from the System."

On May 11, 1983, the petitioner filed a petition for an award of attorney fees and on May 23, 1983, respondent filed a notice of appeal from the supplemental judgment order. On July 7, 1983, the court entered an award of attorney fees in petitioner's favor. Following the denial of a motion for rehearing with respect to this award on September 6, 1983, respondent filed a second notice of appeal on October 4, 1983. This notice requested reversal of both the supplemental judgment order of May 4, 1983, and the September 6, 1983, award of attorney fees.

In *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137, the supreme court, in holding that a custody order entered in the course of a dissolution of marriage proceeding is not a separate claim which is individually appealable even if the circuit court makes the requisite Rule 304(a) (87 Ill. 2d R. 304(a)) findings, stated:

"A further reason counseling against the appealability of a custody order pursuant to Rule 304(a) is that it does not constitute a separate 'claim' in a dissolution proceeding. A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action. (See *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 409 (Ward, J., concurring).) They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim. In fact, it is difficult to conceive of a situation in which the issues are more interrelated than those involved in a dissolution proceeding. *** Practically speaking, then, until all

of the ancillary issues are resolved, the petition for dissolution is not fully adjudicated." (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119, 449 N.E.2d 137, 140.)

*Leopando* has been interpreted as preventing the appeal of a dissolution of marriage order which reserves the question of the apportionment of attorney fees for decision at a later date (*In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 453 N.E.2d 90), and as preventing appeal of a judgment dissolving a marriage in the absence of a resolution of the *support* and *maintenance, property distribution* and attorney fees issues. *In re Marriage of Koch* (1983), 119 Ill. App. 3d 388, 456 N.E.2d 644.

The respondent advances several reasons as to why we should hold that we have jurisdiction of this matter, but we find none of them persuasive. The implication of the above-quoted language in *Leopando* is clear: In the absence of a complete resolution of all issues present in a dissolution of marriage proceeding, an order entered in such a proceeding deciding such an issue is not a final order even as to a claim and thus is not appealable except in accordance with the Supreme Court Rules specifically applicable to interlocutory appeals (see, *e.g.*, 87 Ill. 2d R. 306(a)(1)(v)). The interdependence of the various matters involved in a dissolution of marriage proceeding provides ample justification for such a policy. *Cf. In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 210-12, 443 N.E.2d 1089, 1097-99.

Although the apportionment of interests in nonvested pension benefits is more difficult than is the apportionment of interests in other types of property, the need to apportion such benefits in order for a dissolution of marriage decree to become an appealable order does not present an insurmountable obstacle. Several acceptable methods of apportioning both benefits which will most likely vest in the immediate future and benefits which will vest, if at all, in the distant future have been devised. These methods are described in some detail in our recent opinion in *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300.

Because the orders from which respondent appeals are not final as to the sole claim in the case, we have no jurisdiction to adjudicate the merits of respondent's allegations of error (*In re J.N.* (1982), 91 Ill. 2d 122, 435 N.E.2d 473) and must dismiss the appeals.

Appeals dismissed.

MILLS, P.J., and TRAPP, J., concur.