*In re* MARRIAGE OF SAM P. CANNON, Petitioner and Counterrespondent-Appellee and Cross-Appellant, and MARLENE CANNON, Respondent and Counterpetitioner-Appellant and Cross-Appellee.

Fourth District   No. 4—84—0537

Opinion filed April 24, 1985.

GREEN, P.J., dissenting.

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of Champaign, for appellant.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

In December 1983 the trial court entered an order dissolving the marriage of the parties and in July 1984 entered an order making a property division and awarding maintenance. Respondent, Marlene Cannon, appeals urging that her property award was insufficient. Petitioner, Sam Cannon, cross-appeals contending that the award of maintenance was too great. In light of the disposition which we find to be required, it is unnecessary to review the extent of marital property, evidence of its value, and its capacity to produce income for the respective parties.

The order of the trial court for maintenance includes:

"Sam [petitioner] is hereby ordered to pay to Marlene [respondent] as maintenance the sum of $2,500.00 monthly, commencing forthwith. In addition, Sam is ordered to provide for Marlene, and pay for, the health insurance policy which he testified would cost $120.00 per month. The Court orders this *for a period of two years* from the date of this order. The Court intends that this be reviewable no later than the expiration of two years and sooner if the circumstances of the parties change significantly." (Emphasis added.)

The court indicated that if petitioner's business prospered the maintenance provision could be raised. On the contrary, if the business deteriorated and the respondent obtained employment or circumstances changed, these changes would be taken into consideration.

Section 504(b) of the Illinois Marriage and Dissolution of Marriage Act provides that an award of maintenance shall be "for such periods of time as the court deems just." (Ill. Rev. Stat. 1983, ch. 40, par. 504(b).) We note that certain appellate courts have recognized orders of the trial court which make an award of maintenance for a stated period but reserve jurisdiction to modify or change the award at the end of the period. (*In re Marriage of McNeeley* (1983), 117 Ill. App. 3d 320, 453 N.E.2d 748; *In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 426 N.E.2d 1066.) The rationale appears to be that such form of order permits the trial court to modify the terms of maintenance without the necessity of showing a substantial change in circumstances as is required by section 510(a) of the Act. Ill. Rev. Stat. 1983, ch. 40, par. 510(a).

■ Implicit in the order is the conclusion that the language of the trial court was not deemed to be final but that the trial court retain jurisdiction "to review" the order within no more than two years. If the award is interpreted as temporary maintenance for a stated term of two years, it is, nevertheless, reserved for review by the trial court in not less than two years. If interpreted as an award of permanent maintenance, it is still reserved for review by the trial court within the same term. A third interpretation is that it will be determined, upon review in the trial court in not less than two years, whether the maintenance is to be temporary or permanent. While such form of order may be a highly useful procedural tool, it avoids the mandate of section 510(a) of the Act that provisions for maintenance be modified "only upon a showing of a substantial change in circumstances." Upon either interpretation there is no actual attempt at present finality, but only an incomplete property settlement. As so reserved in the trial court's order, that court may act within the equitable standards

of a property settlement rather than the statutory standard of "substantial change."

We must conclude that the issue of the appealability of the order of the trial court is controlled by the rationale of *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137, and the opinion of this court, in *In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 462 N.E.2d 1287, and is not an appealable order.

In *Leopando* the trial court entered an order awarding permanent custody of a minor child but reserved the issues of property division, maintenance, and attorney fees. The order included a finding as provided in Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)).

In examining the issues of whether or not such order was final and appealable, the court said:

"A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action. [Citation.] They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim." *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119, 449 N.E.2d 137, 140.

In *Rosenow* the trial court entered an order for dissolution and property settlement, reserving, however, the apportionment of the rights of the parties in the pension which would become payable to a spouse in the future. In reliance upon *Leopando*, this court held that the reservation of such issue prevented the order from becoming final even as to a claim in the case.

In *Rosenow* this court interpreted the quoted language of *Leopando* to mean:

"In the absence of a complete resolution of all issues present in a dissolution of marriage proceeding, an order entered in such a proceeding deciding such an issue is not a final order even as to a claim and thus is not appealable except in accordance with the Supreme Court Rules specifically applicable to interlocutory appeals." (*In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 548, 462 N.E.2d 1287, 1288.)

Thus, an order which reserved to the trial court the apportionment of attorney fees is not appealable. *In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 453 N.E.2d 90.

By reason of the authorities cited, this appeal is dismissed.

Appeal dismissed.

McCULLOUGH, J., concurs.

PRESIDING JUSTICE GREEN, dissenting:

This is the latest in a series of cases following *Leopando* which reveal a critical problem concerning the appealability of decrees entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (IMDMA) when the trial court has entered a decree which leaves some issue in the case pending for future determination. Decrees have been held to lack finality when questions have been reserved in regard to (1) pension rights (*In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 462 N.E.2d 1287), (2) attorney fees (*In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 453 N.E.2d 90), and (3) support, maintenance and property distribution (*In re Marriage of Koch* (1983), 119 Ill. App. 3d 388, 456 N.E.2d 644). On the other hand, decrees have been held to be final although matters were reserved in two cases. In that of *In re Marriage of Parks* (1984), 122 Ill. App. 3d 905, 461 N.E.2d 681, an *in rem* decree dissolving the marriage and awarding custody was final although questions of property division, maintenance, and child support were reserved, because the court did not have personal jurisdiction of the respondent. In the case of *In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, 465 N.E.2d 151, the issue of maintenance was reserved because of the uncertain prognosis of a serious illness of a spouse. The appellate court deemed the decree final, because the court had ruled on all matters it could reasonably decide.

Absent finality in the decree, appealability of the IMDMA order described can seldom be obtained. It is unlikely to meet the extraordinary requirements of Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)), by the terms of which an interlocutory order can become appealable upon the combined action of the trial and appellate courts if the trial court certifies that the decree "involves a question of law as to which there is substantial ground for difference of opinion." The only other possibility of appeal is that available in regard to orders of child custody under Supreme Court Rule 306(1)(v) (87 Ill. 2d R. 306(1)(v)). If the instant decree is deemed to lack finality, neither party can appeal until the lapse of two years unless the maintenance order is changed. No doubt such a procedural morass strains the tolerance of litigants. Possible change of Supreme Court Rules to provide for appeal in some of these cases would seem to be worthy of consideration.

While disagreement with the logical analysis of the majority is difficult to justify, I respectfully do so under the conditions of this case. The decision of the court to award maintenance to the wife rather than to give her a larger division of the marital property appears to

be a wise one. The method by which this was to be done, however, was somewhat ambiguous. The thrust of the theory of the majority appears to be that the language of the order implies an intention on the part of the court that it retain power to change the maintenance award without the necessity of a showing of a substantial change in circumstances as required by section 510(a) of IMDMA (Ill. Rev. Stat. 1983, ch. 40, par. 510(a)). I would give a different interpretation to the order.

Clearly, the mere fact that the award of maintenance was for a term would not prevent the award from being final. Rather, it is the provision setting the matter for "review" not later than at the expiration of the two-year term that causes concern. The majority correctly points out that several courts may have used the device of an award for a term, with a further provision that either sets the matter for a later hearing or makes a statement that the court retained jurisdiction, in order to be able to modify the order without compliance with section 510(a) of IMDMA. However, the published notes to sections 504 and 510 show another possible reason for a court to enter an order reciting matters indicating a reservation of jurisdiction. Those notes to section 510 state in part:

> "Where the court has not expressly reserved jurisdiction to extend the term of a maintenance award but has remained silent on the subject, it would appear that the court retains authority to extend the maintenance beyond the original term in view of the court's power under this section to modify maintenance judgments. See In re Marriage of Trohn, 531 P.2d 985 (Colo. App. 1975). But compare Lindsay v. Lindsay, 115 Ariz. 322, 565 P.2d 199 (Ariz. App. 1977). Since Illinois courts of review have not addressed this question, the preferred practice is to eliminate any uncertainty by expressly addressing the issue in the initial judgment." (Ill. Ann. Stat., ch. 40, par. 510, Historical and Practice Notes, at 700 (Smith-Hurd 1980).)

The notes to section 504 contain substantially the same language. Ill. Ann. Stat., ch. 40, par. 504, Historical and Practice Notes, at 528 (Smith-Hurd 1980).

As section 510(a) requires a showing of a substantial change in circumstances before a maintenance award can be modified, the inclusion in the publisher's notes to that section of the suggestion that it is desirable to make an express reservation of retention of jurisdiction in order to have power to later modify a grant of maintenance for a term, indicates a theory that the reservation is necessary even to modify the grant upon a showing of a substantial change in circum-

stances. The majority correctly set forth that the order here indicated possible modifications of the maintenance provisions upon a showing of a substantial change in circumstances. I interpret the court's intention here to have been to set the matter for "review" so that it might change the maintenance benefits to the wife if a substantial change in circumstances was shown. Thus, I conclude that the trial court intended to give *res judicata* effect to its order.

It seems axiomatic that a provision in an order in a matrimonial case which has *res judicata* effect is final for purposes of appeal even though the court retains jurisdiction to modify the order when circumstances change. (See *Nye v. Nye* (1952), 411 Ill. 408, 416, 105 N.E.2d 300, 304.) Despite the provision in the order whereby the trial court set the matter of maintenance for further "review," I interpret the intent of the court to be to give the order *res judicata* effect and to intend to "review" only the question of whether a substantial change in circumstances had taken place.

Accordingly, I would hold that we have jurisdiction and would decide the merits of the appeal.