*In re* MARRIAGE OF RICHARD E. MEYER, Plaintiff-Appellee, and JUDITH A. MEYER, Defendant-Appellant.

First District (1st Division)   Nos. 84—2269, 84—2911 cons.

Opinion filed August 4, 1986.

Feiwell, Galper, Lasky & Berger, Ltd., of Chicago (George S. Feiwell, Lawrence S. Starkopf, and Joseph J. Sinopoli, of counsel), for appellant.

Rinella & Rinella, Ltd., and Paul J. Bargiel, both of Chicago (Bernard B. Rinella, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

This is a consolidated appeal brought by defendant, Judith A. Meyer, from an order reducing the amount of temporary maintenance to be paid to her by plaintiff, Richard E. Meyer, during the pendency of dissolution proceedings (temporary-maintenance order) and from a subsequent order requiring defendant to post bond for a preliminary injunction enjoining plaintiff from either evicting defendant's mother from a Florida condominium owned by the parties or from requiring her mother to pay $500 per month as rent (injunction order). On appeal, defendant contends that: (1) the reduction of temporary maintenance was an abuse of discretion; and (2) the trial court abused its discretion when it ordered defendant to post bond for a preliminary injunction. In addition to denying defendant's claims, plaintiff argues that this court lacks jurisdiction to address the appeal of the temporary-maintenance order on the ground that it is not a final and appealable order. For the following reasons, we dismiss the appeal of the temporary-maintenance order for want of jurisdiction and vacate that portion of the injunction order which directs defendant to post bond.

The record presents the following facts pertinent to this appeal. The parties were married on September 1, 1973, and had no children. On October 6, 1983, plaintiff filed a petition for dissolution of marriage. Immediately thereafter, defendant filed a counterpetition for legal separation and a petition requesting temporary maintenance and attorney fees. In an order entered December 8, 1983, the court ordered plaintiff to pay defendant $7,500 per month as temporary maintenance. On January 19, 1984, plaintiff filed a petition to reduce the amount of temporary maintenance, claiming that defendant's financial needs had decreased since entry of the first order. In response, defendant filed a petition to increase the amount of temporary maintenance, alleging that she was without sufficient funds to meet her needs and that plaintiff was earning in excess of one-half million dollars per year. Following an evidentiary hearing on both petitions, the trial court denied defendant's petition to increase temporary maintenance and reduced the amount to $5,500 per month. Thereafter, the court denied defendant's motion to reconsider and she filed her notice of appeal.

With respect to the preliminary-injunction order, the record indicates that within a few days following the entry of the first temporary-maintenance order on December 8, 1983, plaintiff notified defendant's mother in writing of his intention to evict her from the Florida condominium in which she had resided rent-free since its pur-

chase by the parties in 1979. From the time the condominium was purchased, plaintiff had never requested either reimbursement or rent from defendant's mother.

On February 6, 1984, defendant filed a petition seeking, *inter alia*, to enjoin plaintiff from prosecuting any action for eviction against her mother. On September 6, 1984, the trial court issued an order enjoining plaintiff from evicting defendant's mother or from collecting rent from her during the pendency of the dissolution proceedings. In addition, the court ordered defendant to pay $500 per month into an escrow account as bond for the injunction. Following denial of her petition to reconsider, defendant filed her notice of appeal. Both appeals were consolidated by this court.

■ Initially, we address plaintiff's contention that the temporary-maintenance order is not final and appealable within the meaning of Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)). In support of his position, plaintiff relies on *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137.

Supreme Court Rule 304(a) provides, in part, that when multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more, but fewer than all, of the claims only if the trial court has made an express finding that there is no just reason to delay enforcement or appeal. However, if the order is not final, the trial court's finding that there is no just reason to delay appeal will not render the order appealable. *In re Marriage of Koch* (1983), 119 Ill. App. 3d 388, 456 N.E.2d 644.

In *Leopando*, the supreme court addressed the issue as to whether a custody order was a "claim within the meaning of Rule 304(a) when the requisite final and appealable finding had been made by the trial court, but the questions of maintenance, property distribution, and attorney fees had been reserved for future court action. The *Leopando* court found that a petition for dissolution advances only a single claim, *i.e.*, a request for an order dissolving the parties' marriage; and the numerous other issues involved are merely ancillary to that single claim. Accordingly, the court held that the custody order did not constitute a separate claim and, therefore, was not a final and appealable order.

*Leopando* has been interpreted as preventing the appeal of a judgment of dissolution which reserved a decision as to the apportionment of attorney fees (*In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 453 N.E.2d 90); which reserved maintenance and property issues for future determination (*In re Marriage of Koch* (1983), 119 Ill. App. 3d 388, 456 N.E.2d 644); and which reserved jurisdiction for the pur-

pose of future apportionment of a party's nonvested pension benefits (*In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 462 N.E.2d 1287).

Those cases in which dissolution-of-marriage orders have been found final and appealable despite the reservation of ancillary issues involved unique circumstances which are readily distinguishable from the present case. *In re Marriage of Cannon* (1986), 112 Ill. 2d 552 (maintenance order entered, with express reservation for trial court review if the circumstances of the parties change significantly); *In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, 465 N.E.2d 151 (maintenance decision reserved pending manifestation of effects from a disabling disease); *In re Marriage of Parks* (1984), 122 Ill. App. 3d 905, 461 N.E.2d 681 (court reserved issues of child support and maintenance until personal jurisdiction could be obtained over respondent).

■ In the present case, we find *Leopando* dispositive of the jurisdiction issue with respect to the temporary-maintenance order. Similar to the determination of custody (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137), attorney fees (*In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 453 N.E.2d 90), maintenance and property distribution (*In re Marriage of Koch* (1983), 119 Ill. App. 3d 388, 456 N.E.2d 644; *In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 462 N.E.2d 1287), the issue of temporary maintenance is inextricably interrelated to the single claim for dissolution of the marriage and does not constitute a separate claim within the meaning of Rule 304(a). Accordingly, we find that it is not a final and appealable order and, thus, dismiss the appeal. In reaching this decision, we note that any inequities which the parties believe may exist in the temporary-maintenance order can be addressed either during hearings on permanent maintenance or on appeal following the determination of the entire dissolution of marriage claim. See *In re Marriage of Greenberg* (1981), 102 Ill. App. 3d 938, 429 N.E.2d 1334.

■ With respect to the preliminary-injunction order, defendant contends that the trial court abused its discretion when it required her to post bond in order to enjoin plaintiff from evicting or requiring rent from her mother.

Section 11—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—103), provides, in pertinent part:

> "The court in its discretion, may before entering a restraining order or a preliminary injunction, require the applicant to give bond in such sum, upon such condition and with such security as may be deemed proper by the court, for the payment of such costs and damages as may be incurred or suffered by any party

who is found to have been wrongfully enjoined or restrained."

In the present case, plaintiff is chairman and chief executive officer of a major corporation, earning a substantial salary. By contrast, defendant's primary source of income, if not her only source, is the temporary-maintenance award. It is undisputed that from the time the Florida condominium was purchased in 1979, at which time defendant's mother commenced residing there, plaintiff never requested that defendant's mother pay rent. It was not until the original temporary-maintenance order was entered in December 1983 that plaintiff made his written demands upon defendant's mother.

Based upon these facts and circumstances, we do not find that the evidence satisfies the statutory purpose for posting bond as set forth in section 11—103, which is to protect the enjoined party from any damages or costs he may incur as a result of a wrongful injunction. In our view, there is insufficient evidence to show that the injunction will impose any financial hardship on plaintiff. Rather, it merely acts to preserve the status quo of the parties with respect to the condominium during the pendency of the dissolution proceedings. Further, we note that any financial adjustment with respect to the condominium which may be deemed necessary by the trial court is more properly reserved for the final property distribution. Accordingly, we conclude that the facts and circumstances of this case do not satisfy the purpose of section 11—103 and, therefore, we vacate those portions of the preliminary injunction order which direct defendant to pay $500 per month into an escrow account during the pendency of the dissolution proceedings. This decision does not alter that portion of the order enjoining plaintiff from either evicting defendant's mother or requiring her to pay rent.

For the foregoing reasons, we dismiss defendant's appeal from the temporary-maintenance order (No. 84—2269) and vacate that portion of the preliminary-injunction order, which directs defendant to post bond (No. 84—2911).

No. 84—2269 dismissed; No. 84—2911 vacated in part.

QUINLAN, P.J., and O'CONNOR, J., concur.