*In re* MARRIAGE OF MICHELE L. GOLDEN, Petitioner-Appellant, and JOHN R. GOLDEN, Respondent-Appellee.

Second District   No. 2—04—0705

Opinion filed June 28, 2005.

BOWMAN, J., dissenting.

James R. Stopka, of Geneva, for appellant.

Michael C. Doyen, of Law Office of Robert A. Chapski, Ltd., of Elgin, for appellee.

JUSTICE KAPALA delivered the opinion of the court:
On July 26, 2000, the trial court dissolved the marriage of

petitioner, Michele L. Golden, and respondent, John R. Golden. Incorporated into the dissolution order was the parties' marital settlement agreement (agreement), which provided that respondent shall pay petitioner maintenance of $1,300 per month. The agreement stated that "[m]aintenance shall be non-modifiable for three years and may only be reviewed no sooner than thirty-six (36) months after the first payment." Approximately three years later, respondent petitioned to review or terminate maintenance, claiming that the trial court should either terminate or reduce his maintenance obligation. After a hearing, the trial court found that "[respondent] does not have the burden of proving a substantial change in circumstances based on the provisions of [section] 510(a—5) of the Illinois Marriage and Dissolution of Marriage Act [(Act) (750 ILCS 5/510(a—5) (West Supp. 2003))]" and modified respondent's maintenance obligation to "$800 *** per month as and for permanent maintenance." Petitioner timely appeals, contending that the trial court (1) incorrectly interpreted section 510(a—5) of the Act as not requiring respondent to prove a substantial change in circumstances and (2) abused its discretion in modifying maintenance. We affirm.

In the agreement, the parties acknowledged that petitioner was not employed during the parties' 28-year marriage, and she only recently attained her high school diploma. Moreover, petitioner has been diagnosed with attention deficit disorder, which affects her employment prospects, opportunities for advancement, and possibility of becoming self-sufficient. Based on all of these factors, the parties reached a compromise on maintenance, providing in the agreement:

"[Respondent] agrees to pay [petitioner] the sum of $1,300.00 per month as maintenance. Said sum is based upon the average net monthly earnings of [petitioner] of $650.00 and [respondent] of $3,952.00. Maintenance shall be non-modifiable for three years and may only be reviewed no sooner than thirty-six (36) months after the first payment. Maintenance shall terminate upon the remarriage or death of [petitioner]."

On July 26, 2000, a hearing was held and the court dissolved the marriage and resolved all property issues. The court's order incorporated the agreement.

In October 2003, approximately 36 months after respondent made his first maintenance payment, respondent petitioned to "Review/Terminate Maintenance." In his petition, respondent asserted that he made 36 consecutive monthly maintenance payments to petitioner and that, since the marriage was dissolved, he has suffered a large reduction in his net income, leaving him financially unable to continue paying petitioner maintenance. Moreover, respondent contended that

petitioner has not taken any substantial steps to become self-sufficient or to increase her ability to support herself. Based on these allegations, respondent asked the trial court to either terminate or substantially reduce his maintenance obligation.

In response, petitioner alleged that she is gainfully employed, but her current level of maintenance, coupled with her earnings, does not cover her expenses. Petitioner contended that she has taken steps to become self-sufficient, such as taking courses to better equip her for the job market, sending resumes to employment agencies, and looking for employment in the help-wanted section of the newspaper. Petitioner also alleged that respondent's base salary has increased, thus justifying an increase in respondent's maintenance obligation.

When respondent petitioned to "Review/Terminate Maintenance," the relevant part of the Act provided as follows:

"[T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification and, with respect to maintenance, only upon a showing of a substantial change in circumstances." 750 ILCS 5/510(a) (West 2002).

Effective January 2004, our legislature amended section 510(a) of the Act, deleting the phrase "and, with respect to maintenance, only upon a showing of a substantial change in circumstances." See 750 ILCS 5/510(a) (West Supp. 2003). The legislature also added section 510(a—5), which provides:

"An order for maintenance may be modified or terminated only upon a showing of a substantial change in circumstances. In all such proceedings, as well as in proceedings in which maintenance is being reviewed, the court shall consider the applicable factors set forth in subsection (a) of Section 504 and the following factors[.]" 750 ILCS 5/510(a—5) (West Supp. 2003).

On June 10, 2004, the trial court entered an order on respondent's "Petition to Review/Terminate Maintenance." In this order, the trial court first found that "[respondent] does not have the burden of proving a substantial change in circumstances based on the provisions of [section] 510(a—5) of the *** Act." The trial court then modified respondent's maintenance obligation, finding that respondent must pay petitioner "$800 *** per month as and for permanent maintenance." Petitioner timely appeals from that order.

■ Before addressing the issues raised on appeal, we consider respondent's motion to strike petitioner's brief and dismiss this appeal, a motion that we ordered taken with this case. Respondent claims that we should strike petitioner's brief and dismiss this appeal because

petitioner failed to file an appendix with her brief and filed a statement of facts that lacks sufficient references to the record and does not contain the facts necessary for an understanding of the issues raised in this case (see 155 Ill. 2d R. 342(a); 188 Ill. 2d R. 341(e)(6)). As an additional basis, respondent claims that we should strike petitioner's brief and dismiss this appeal because petitioner failed to file a report of proceedings or substitute (see 166 Ill. 2d Rs. 323(a), (c), (d)).

In response, petitioner notes that this court *sua sponte* ordered her to file an appendix no later than October 26, 2004. Petitioner's appendix was filed on that date, and, thus, we will not strike her brief or dismiss this appeal on the basis that no appendix was filed. Further, although a more detailed statement of facts than that submitted by petitioner is required, the facts needed to resolve this case are straightforward and relatively simple; therefore, we will not strike petitioner's brief or dismiss this appeal on the basis that her statement of facts is insufficient. See *In re Marriage of Wright*, 212 Ill. App. 3d 392, 394 (1991). Finally, we will not strike petitioner's brief or dismiss this appeal because petitioner failed to file a report of proceedings or substitute. Rather, we will resolve against petitioner any doubts arising from the lack of a transcript of the hearing on respondent's "Petition to Review/Terminate Maintenance." *In re Marriage of Demattia*, 302 Ill. App. 3d 390, 394 (1999).

We now address the merits of this appeal. In order to resolve this appeal, we must first determine whether review is different from modification or termination as a means to reconsider maintenance awards. Second, we must determine whether the agreement contemplated a review of maintenance. Third, we must determine what issues are properly considered in a review of maintenance. Fourth, the petition brought by respondent must be analyzed to determine which manner of maintenance reconsideration was sought. Fifth, if the petition seeks a review of maintenance, we must determine whether a party seeking review of maintenance has the burden of proving a substantial change in circumstances. Finally, we must address whether the trial court's decision was an abuse of discretion.

We first consider whether review is different from modification or termination as a method to reconsider maintenance. The first sentence of section 510(a—5) speaks to the ordinary situation in which a party, without utilizing a provision in a court order allowing for review, seeks modification or termination of maintenance. Our analysis is made more complex because, as we shall see, the ultimate decision in a review hearing can be, *inter alia*, modification or termination. To clarify our analysis, we will refer to proceedings that seek modification

or termination without a provision in a court order allowing for review as "modification proceedings" or simply as "modification." We will refer to proceedings pursuant to a court order providing for review of maintenance as "review proceedings" or "review."

■ In *In re Marriage of Gunn*, 233 Ill. App. 3d 165 (1992), the appellate court rejected the contention of the respondent husband that the trial court erred in awarding the petitioner wife permanent maintenance. *Gunn*, 233 Ill. App. 3d at 179. The court held that the trial court was in a better position to determine whether permanent maintenance or rehabilitative maintenance with review was more appropriate. *Gunn*, 233 Ill. App. 3d at 179. In so holding, the court stated:

> "We understand [that] our ruling today places a greater burden on [the respondent] than had we directed a periodic review of maintenance, since now [the respondent] must file a petition for modification and prove a 'substantial change of circumstances' [citation] or that [the petitioner] has failed to make a good-faith effort, within a reasonable time frame, to obtain employment [citation], prior to [the petitioner's] maintenance being reduced or discontinued." *Gunn*, 233 Ill. App. 3d at 179.

In the case of *In re Marriage of Cannon*, 132 Ill. App. 3d 821 (1985), *rev'd on other grounds*, 112 Ill. 2d 552 (1986), while discussing the language of a trial court order that provided that review would occur no later than two years after the entry of the order, the court noted:

> "[C]ertain appellate courts have recognized orders of the trial court which make an award of maintenance for a stated period but reserve jurisdiction to modify or change the award at the end of the period. [Citations.] The rationale appears to be that such form of order permits the trial court to modify the terms of maintenance without the necessity of showing a substantial change in circumstances as is required by section 510(a) of the Act." *Cannon*, 132 Ill. App. 3d at 822.

Although the court spoke critically of the practice of setting maintenance for review, because it found that such practice circumvented the substantial-change-in-circumstances requirement of section 510(a), it nonetheless recognized that review hearings occur and that they differ from modification proceedings sought under section 510(a). *Cannon*, 132 Ill. App. 3d at 822. Consequently, we hold that review proceedings and modification proceedings are separate and distinct mechanisms by which reconsideration of maintenance can occur. Review proceedings, as recognized by the *Cannon* court, are held pursuant to prior court orders while modification proceedings can be initiated by the parties without prior order of the court.

■ Turning to whether the agreement in this case contemplated a

review of maintenance, we note that the agreement mentions both modification and review. The agreement further proscribes that neither modification nor review can occur before three years. However, with respect to the potential for a review hearing, the agreement states that review shall occur "no sooner than" 36 months after the first payment. We believe that the use of the phrase "no sooner than" indicates that the parties contemplated that a review would in fact occur at some time after the 36 months passed. Therefore, we find that the agreement authorized respondent to bring a petition for review after the 36 months had passed.

We find it important to point out that the characterization of the hearing that is the subject of this case was made more difficult by the inartful drafting of the agreement. In *In re Marriage of Culp*, 341 Ill. App. 3d 390 (2003), the court stated:

> "When trial courts set review hearings, it would be preferable for the court to advise the parties who has the burden of going forward, who has the burden of proof, and what issues will be addressed. For example, if time-limited maintenance—whether temporary or rehabilitative—will continue only if the recipient shows good faith in seeking education or employment or proves the need for continued maintenance, then the parties should be so advised. Neither party should be required to guess what the court will consider at the review hearing.
>
> If pleadings are required, that should be noted as well."

(Emphasis omitted.) *Culp*, 341 Ill. App. 3d at 396-97.

The agreement lacks any of the specificity that the *Culp* court suggested should accompany a judgment ordering review. The agreement states that no review may occur for at least 36 months after the first payment, but it makes no mention of whether review will occur automatically after the 36 months pass or whether review will occur only upon petition by one of the parties. There is no mention of who has the burden of going forward or who has the burden of proof. If the parties had been more careful in drafting their agreement, many of the issues presented in this case would have been resolved by the language of the agreement.

■ Next, we must decide the scope of review proceedings. Review proceedings regarding maintenance can encompass various issues. In the above-quoted portion of the court's decision in *Culp*, the court urged trial courts to delineate what issues will be considered upon review. Thus, the trial court can define the scope of the review, including limiting the review to certain issues. In a general review, the court can consider all of the factors enumerated in section 510(a—5) and section 504(a) (750 ILCS 5/504(a) (West 2002)) in deciding if and how

to alter the maintenance obligation. The court's ultimate judgment in a general review proceeding can be to keep maintenance the same, to increase, decrease, or terminate maintenance, or to change the terms of payment.

In this case, the parties' agreement, which was incorporated into the judgment, did not attempt to limit the scope of the review proceedings. Thus, we find that the parties' intent, and the intent of the court, was that a general review of maintenance could occur after the 36-month time period had passed.

■ We now examine the nature of respondent's "Petition to Review/Terminate Maintenance," to determine the type of maintenance reconsideration the petition requests. In looking at respondent's petition, we note that, in the title, respondent requests a review of his maintenance obligation. In the body of respondent's petition, he contends that his maintenance obligation must be terminated or reduced because his income has decreased. The petition also states that reduction or termination is proper because petitioner "has failed to take any meaningful action on her part to become self-sufficient or to increase her ability to contribute to her own support." As we stated above, the agreement establishes that a general review was contemplated. In a general review, the court can consider all of the factors in sections 510(a—5) and 504(a). We find that both the issue of respondent's income reduction and the issue of petitioner's failure to act are appropriate grounds upon which to base a petition for review. We note that the heading of respondent's petition includes the word "terminate." Petitioner maintains that because respondent's petition seeks termination, which in some circumstances, as we shall see below, would require a showing of a substantial change in circumstances, it cannot be considered a petition for review. However, respondent's petition specifically references language in the dissolution order, which provides for review. A request to terminate maintenance would not be inconsistent with a general review of maintenance because, as we have already stated, termination is one of the options available to a court in a review of maintenance. We conclude that the petition requested a hearing for the general review that was contemplated by the trial court's original dissolution order.

The next step in our analysis requires us to determine whether respondent was required to show a substantial change in circumstances. As the statute mandates, modification of maintenance requires a showing of a substantial change in circumstances. However, our case involves review proceedings, for which provision was made in the agreement.

The *Cannon* court made evident that, prior to the enactment of

section 510(a—5), a substantial change in circumstances did not need to be shown in review proceedings, as review proceedings are a method to reconsider maintenance that avoids the substantial-change-in-circumstances requirement. *Cannon*, 132 Ill. App. 3d at 822. Moreover, we find that section 510(a—5) has no bearing on whether a substantial change in circumstances need be proved in review proceedings. Section 510(a—5) simply does not speak to what must be shown at review proceedings, and thus, it does nothing to overrule the case law. Section 510(a—5) simply adds additional factors that the trial court must consider when reconsidering a maintenance award in a review hearing. It does not add the threshold requirement of showing a substantial change in circumstances.

In interpreting a statute, we adhere to the well-settled principles of statutory construction. *In re Marriage of Lindman*, 356 Ill. App. 3d 462, 465 (2005). Our primary objective is to determine and give effect to the intent of the legislature, the best indicator of which is the plain language of the statute. *In re Marriage of Rogers*, 213 Ill. 2d 129, 136 (2004). When the language used in the statue is clear and unambiguous, we must give the statute effect as written. *In re Marriage of Gray*, 314 Ill. App. 3d 249, 252 (2000). Because interpreting a statute presents a question of law, our review is *de novo. Rogers*, 213 Ill. 2d at 135-36. Section 510(a—5) clearly indicates through its clear and unambiguous language that review proceedings are different from modification proceedings, by stating: "An order for maintenance may be modified or terminated only upon a showing of a substantial change in circumstances. In all such proceedings, *as well as* in proceedings in which maintenance is being reviewed, the court shall consider the applicable factors ***." (Emphasis added.) 750 ILCS 5/510(a—5) (West Supp. 2003). Therefore, because section 510(a—5) does not specify what burden the parties have during review proceedings, and in view of statements in previous cases that a substantial change in circumstances need not be shown in review proceedings, we hold that the moving party in review proceedings does not have the burden of proving a substantial change in circumstances.

◼ We turn now to a determination of whether the trial court abused its discretion in reducing maintenance. It is clear from the language of the order that section 510(a—5) was applied by the trial court. Petitioner suggests that if we find that section 510(a—5) does not require that respondent show a substantial change in circumstances, we should find that the trial court erred by applying section 510(a—5), because it became effective after respondent filed his petition. As we have already stated, even before the enactment of section 510(a—5), a substantial change in circumstances did not need to be

shown in review proceedings. Petitioner fails to cite any authority for her contention that section 510(a—5) is not applicable. "Supreme Court Rule 341(e)(7) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001) requires an appellant to cite authority in support of an issue on appeal. An argument without citation to authority is deemed waived." *In re Donald R.*, 343 Ill. App. 3d 237, 247 (2003). Accordingly, we find that petitioner's contention is waived.

■ Section 510(a—5) sets out factors, in addition to those present under the previous version of section 510, to consider during modification and review hearings. A trial court abuses its discretion if it analyzes the factors in such a way that no reasonable person would agree. See *In re Marriage of Trull*, 254 Ill. App. 3d 34, 42 (1993). However, as we stated above, the record does not contain a report of proceedings or a sufficient substitute. Without such items in the record, we are unable to determine what evidence was presented to the trial court or how the trial court weighed the various relevant factors. Therefore, we are unable to determine whether the trial court abused its discretion. "We resolve all doubts due to incompleteness of the record against the appellant." *In re Marriage of Vancura*, 356 Ill. App. 3d 200, 203 (2005), citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Accordingly, we resolve any doubts due to the insufficient record in favor of respondent and hold that the trial court did not abuse its discretion in modifying the maintenance award. See *Vancura*, 356 Ill. App. 3d at 203 (holding that the lack of a transcript of the hearing at which sanctions were discussed required that no abuse of discretion be found).

For the reasons stated above, we affirm the judgment of the circuit court of Kane County.

Affirmed.

O'MALLEY, P.J., concurs.

JUSTICE BOWMAN, dissenting:
I respectfully dissent. In my opinion, the majority's characterization of the issues in this case allows respondent to fortuitously avoid his burden of proof by simply including the word "review" in the title of his petition. By hinging its analysis on whether "review proceedings" are different from "modification proceedings," the majority proceeds to carve out its own version of a "review hearing," in which maintenance can be modified or even terminated absent a showing of a substantial change in circumstances. Such a result flies in the face

of the legislature's mandate that "an order for maintenance may be modified or terminated only upon a showing of a substantial change in circumstances" (750 ILCS 5/510 (a—5) (West Supp. 2003)) and encourages parties to sidestep this burden by seeking a change under the pretense of a "review." In my opinion, the appropriate course of action in this case would be to treat respondent's petition as what it really is, a petition to terminate maintenance, in which a substantial change in circumstances must be proven.

As framed by the majority, the first issue to be decided is whether review proceedings are different from modification/termination proceedings as a means to reconsider maintenance awards. Contrary to the majority's assertion, I do not believe it necessary to even make this distinction, as the title and body of respondent's petition clearly reflect an intent to terminate his maintenance obligation.[1] Nevertheless, the majority relies on *In re Marriage of Cannon*, 132 Ill. App. 3d 821, 822 (1985), for the proposition that a court may award maintenance for a stated period but reserve jurisdiction, or set the matter for a later hearing, in order to be able to modify the order without a showing of a substantial change in circumstances. In *Cannon*, the court ordered maintenance of $2,500 per month for two years, with the order stating that the " 'Court intends that this be reviewable no later than the expiration of two years and sooner if the circumstances of the parties change significantly.' " *Cannon*, 132 Ill. App. 3d at 822. *Cannon*, however, was a divided opinion, and I tend to agree with the dissent. While the "thrust of the theory of the [*Cannon*] majority appears to be that the language of the order implies an intention on the part of the court that it retain power to change the maintenance award without the necessity of a showing of a substantial change in circumstances," the dissent gave the order a different interpretation. *Cannon*, 132 Ill. App. 3d at 825 (Green, P.J., dissenting). According to Justice Green, the court's intent was to "set the matter for 'review' so that it might change the maintenance benefits to the wife if a substantial change in circumstances was shown." *Cannon*, 132 Ill. App. 3d at 826 (Green, P.J., dissenting). In other words, the court intended to "review" only the question of whether a substantial change in circumstances had taken place. *Cannon*, 132 Ill. App. 3d at 826 (Green, P.J., dissenting). Justice Green's logic in *Cannon* applies equally here.

In this case, the parties' agreement stated that "[m]aintenance shall be non-modifiable for three years and *may* only be reviewed no

---

[1] As the majority notes, respondent's petition in this case is entitled "Petition to Review/Terminate Maintenance."

sooner than thirty-six (36) months after the first payment." (Emphasis added.) While I believe that this language is clear, the majority criticizes it as "inartful," stating that it "makes no mention of whether review will occur automatically after the 36 months pass or whether review will occur only upon petition by one of the parties." 358 Ill. App. 3d at 470. Although nothing in this language remotely suggests that a review would occur automatically at the end of the three years, the majority interprets the phrase "no sooner than" to indicate that the parties "contemplated that a review *would in fact occur* at some time after the 36 months passed." (Emphasis added.) 358 Ill. App. 3d at 470. Based on this faulty premise, the majority then erroneously concludes that respondent's petition requested only a "general review" of maintenance.

The majority takes this position despite the actual wording of respondent's petition, entitled "Petition to Review/Terminate Maintenance." Given the title and body of respondent's petition, which clearly reflect an intent to terminate maintenance, it makes no sense to interpret the petition as merely seeking a review. Even so, the real crux of the problem seems to be the majority's preoccupation with the distinction between "review proceedings" and "modification proceedings," and the label appearing on respondent's petition. Regardless of whether we term respondent's petition as seeking a "review" or a "modification/termination" proceeding, respondent's intent is clear: he seeks to terminate his maintenance obligation. Under section 510(a—5) of the Act, such a modification requires a showing of a substantial change in circumstances. See *Eustathiades v. Bowman*, 695 N.W.2d 395, 398-99 (Minn. App. 2005) (if there has been an affirmative setting of a support (or maintenance) amount, *any* subsequent change of the obligation is a *modification*, requiring the showing of a substantial change in circumstances). However, by viewing respondent's petition as strictly a petition to review, the majority takes another great leap, holding that respondent does not have the burden of proving a substantial change in circumstances. 358 Ill. App. 3d at 472.

Determining that the movant in a review proceeding does not have the burden of proving a substantial change in circumstances allows a party seeking to modify/terminate maintenance to circumvent a burden that would otherwise exist. For this reason, the majority's decision epitomizes placing form over substance and encourages creative pleading. In effect, the majority seems to be saying that the mere inclusion of the word "review" in respondent's petition frees him of the burden that he would otherwise be required to meet if he were seeking to terminate maintenance, even though that is exactly

what he is attempting to do. Again, this poses no problem for the majority, as it believes that a court can terminate maintenance in a "review proceeding," absent a showing of a substantial change in circumstances.

In short, this case does not warrant the distinction between "review proceedings" and "modification proceedings" drawn by the majority. Respondent's clear intent in filing his petition was to terminate maintenance, and I would not allow the majority's creation of a watered-down review proceeding to relieve him of the burden of proving a substantial change of circumstances. Because the trial court determined that respondent did not have the burden of proving a substantial change in circumstances in this case, I believe that it erred by applying the wrong standard. Accordingly, I would reverse the Kane County circuit court's judgment and remand the cause for a reconsideration of respondent's petition to modify maintenance, with respondent having the burden of proving a substantial change in circumstances. See *In re Marriage of Daniels*, 115 Ill. App. 3d 173 (1983) (denial of increase in child support remanded for reconsideration where trial court possibly applied incorrect legal standard).