No. 2--06--0431          Filed 3-21-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DOUGLAS HARROUN, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05--MR--1278 |
| | ) | |
| THE ADDISON POLICE PENSION | ) | |
| BOARD, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Defendant, the Addison Police Pension Board (Board), appeals from an order of the circuit court of Du Page County reversing the Board's decision to deny the application of plaintiff, Douglas Harroun, for a line-of-duty disability pension. Instead, the Board had awarded plaintiff a nonduty pension. We affirm.

In December 2001, plaintiff was employed by the Village of Addison as a police officer. On December 9, 2001, at about 9 a.m., plaintiff was off duty and was at his home, which was located in Bloomingdale. At that time, plaintiff observed an individual, later identified as Ryan Hanses, apparently trying to break into plaintiff's neighbor's home. Plaintiff contacted the Bloomingdale police and attempted to apprehend Hanses. In doing so, plaintiff suffered serious injuries and, as a result, he became disabled from performing his duties as a police officer. The Board concluded that plaintiff was entitled to a disability pension based on his injuries. However, the Board concluded

that because plaintiff sustained his injuries while he was not on duty and was outside of Addison's corporate limits, he was not entitled to a line-of-duty pension.

Plaintiff filed a complaint for administrative review, and the trial court granted the Du Page County Mayors and Managers Conference leave to intervene as amicus curiae. As noted, the trial court entered judgment for plaintiff, finding that he was entitled to a line-of-duty disability pension. This appeal followed. With leave of this court, the Du Page County Mayors and Managers Conference and the West Central Municipal Conference have filed a joint brief, as amici curiae, in support of the Board.

On appeal from the judgment in an administrative review proceeding, the appellate court reviews the administrative agency's decision, not the trial court's. Dowrick v. Village of Downers Grove, 362 Ill. App. 3d 512, 515 (2005). Rulings of law are reviewed de novo, but the agency's findings of fact will be upheld unless against the manifest weight of the evidence. Dowrick, 362 Ill. App. 3d at 515. An intermediate standard of review applies to mixed questions of law and fact. Dowrick, 362 Ill. App. 3d at 515. As this court has observed:

"A mixed question exists where the historical facts are admitted or established, the rule of law is undisputed, and the only issue is whether the facts satisfy the settled statutory standard. [Citation.] The agency's decision will be upheld unless it is clearly erroneous--that is, unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." Dowrick, 362 Ill. App. 3d at 515.

Section 3--114.1(a) of the Illinois Pension Code (Code) provides, in pertinent part:

"(a) If a police officer as the result of sickness, accident or injury incurred in or resulting from the performance of an act of duty, is found to be physically or mentally

disabled for service in the police department, so as to render necessary his or her suspension or retirement from the police service, the police officer shall be entitled to a disability retirement pension equal to *** 65% of the salary attached to the rank on the police force held by the officer at the date of suspension of duty or retirement ***.

A police officer shall be considered 'on duty' while on any assignment approved by the chief of the police department of the municipality he or she serves, whether the assignment is within or outside the municipality." 40 ILCS 5/3--114.1(a) (West 2000).

In contrast, a police officer who becomes disabled as a result of any cause other than an act of duty is entitled to a pension equal to 50% of the salary attached to the officer's rank at the date of suspension of duty or retirement. 40 ILCS 5/3--114.2 (West 2000). Section 3--114.1(a) does not define the term "act of duty." For purposes of this provision, it is well established that the definition of "act of duty" set forth in section 5--113 of the Code (40 ILCS 5/5--113 (West 2000)) applies. See, e.g., Alm v. Lincolnshire Police Pension Board, 352 Ill. App. 3d 595, 598 (2004). Section 5--113 defines "act of duty" as "[a]ny act of police duty inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life, imposed on a policeman by the statutes of this State or by the ordinances or police regulations of the city in which this Article is in effect or by a special assignment; or any act of heroism performed in the city having for its direct purpose the saving of the life or property of a person other than the policeman." 40 ILCS 5/5--113 (West 2000).

The Board argues that under section 3--114.1(a) a police officer must be "on duty" to receive a line-of-duty disability pension. According to the Board, when plaintiff was injured, he was not acting pursuant to an assignment approved by the chief of police and consequently was not on duty. Plaintiff responds that the second paragraph of section 3--114.1(a) is not a limitation on the scope

of an "act of duty." According to plaintiff, that paragraph serves to clarify that assignments approved by the chief of police are within the scope of section 3--114.1(a), regardless of the location of the assignment. The Board maintains that this appeal raises a mixed question of law and fact. However, the parties' dispute hinges on the meaning of the applicable statutes. The interpretation of a statute presents a question of law subject to de novo review. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006).

In interpreting a statute, this court's primary objective is to determine and give effect to the intent of the legislature, the best indicator of which is the language of the statute. In re Marriage of Golden, 358 Ill. App. 3d 464, 472 (2005). When the language used in the statute is clear and unambiguous, it ordinarily must be given effect as written. Golden, 358 Ill. App. 3d at 472. It has been stated that "[i]t is never proper for a court to depart from plain language by reading into the statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent." People v. Hari, 218 Ill. 2d 275, 292 (2006). "Statutes should be construed, if possible, so that no term is rendered superfluous or meaningless." Bonaguro v. County Officers Electoral Board, 158 Ill. 2d 391, 397 (1994). Pension statutes are to be liberally construed in favor of the pensioner. Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund, 216 Ill. 2d 590, 596 (2005).

Contrary to the Board's argument, section 3--114.1(a) does not specifically or categorically provide that a police officer must necessarily suffer an injury while "on duty" in order to receive a line-of-duty disability pension. Under the first paragraph of section 3--114.1(a), a police officer is entitled to a line-of-duty pension when a disabling sickness or injury is incurred in or results from the performance of an "act of duty." Although the second paragraph of section 3--114.1(a) pertains to when a police officer is considered to be "on duty," the statute does not specifically provide that an officer must be on duty in order to perform an "act of duty." It is implicit that there is some

-4-

relationship between being "on duty" and performing an "act of duty"; otherwise, the second paragraph would seem to serve no purpose and have no effect. It does not follow, however, that being "on duty" is, in all cases, the sine qua non of performing an "act of duty." As seen, whether a particular act is an "act of duty" depends not only on the Code but on the statutes, ordinances, and regulations that define a police officer's official responsibilities. These sources of law may very well impose different obligations on an officer when he or she is on duty than when the officer is off duty. Consequently, a particular act that might constitute an act of duty if performed by an officer during his or her shift might not be an act of duty if performed at some other time. Thus, it is reasonable to read the second paragraph of section 3--114.1(a) as coming into play only when it is otherwise legally significant whether an officer is on or off duty. In such cases, the second paragraph makes it clear that an officer is considered "on duty" whether his assignment is within or outside his municipality. Thus, for example, a police officer assigned to a multijurisdictional task force is still considered to be on duty, even though his assignment might be in a different municipality.

Even though plaintiff was off duty when he confronted Ryan Hanses, we conclude that plaintiff was performing an "act of duty" in accordance with the definition in section 5--113 of the Code. Although set out above, that definition bears repeating at this stage of the analysis: an "act of duty" is "[a]ny act of police duty inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life, imposed on a policeman by the statutes of this State or by the ordinances or police regulations of the city in which this Article is in effect or by a special assignment; or any act of heroism performed in the city having for its direct purpose the saving of the life or property of a person other than the policeman." 40 ILCS 5/5--113 (West 2000). In attempting to subdue a suspected criminal, plaintiff was clearly engaged in an act inherently

involving special risk not encountered by ordinary citizens. In addition, he was performing a duty specifically imposed by statute. Although the parties have not cited section 107--16 of the Code of Criminal Procedure of 1963, we note that under that provision "[i]t is the duty of every *** policeman, *** when a criminal offense or breach of the peace is committed or attempted in his or her presence, forthwith to apprehend the offender and bring him or her before a judge, to be dealt with according to law." 725 ILCS 5/107--16 (West 2000). It makes no difference that plaintiff was not on duty. A police officer " 'is always obligated to attempt to prevent the commission of crime in his presence,' " and " 'any action taken by him toward that end, even in his official off-duty hours, falls within the performance of his duties as a police officer.' " Garner v. City of Chicago, 319 Ill. App. 3d 255, 262 (2001), quoting Banks v. City of Chicago, 11 Ill. App. 3d 543, 550 (1973).

The Board also contends that plaintiff had no authority to act as a police officer in Bloomingdale. We disagree. A police officer has authority to act not only within the corporate limits of his or her municipality but throughout his or her police district (65 ILCS 5/7--4--8 (West 2000)), which consists of "[t]he territory which is embraced within the corporate limits of adjoining municipalities within any county in this State." 65 ILCS 5/7--4--7 (West 2000). Moreover, this court has indicated that an officer may make an arrest outside of his jurisdiction, as long as the arrest is made in a municipality within the same county as the officer's jurisdiction. People v. Kirvelaitis, 315 Ill. App. 3d 667, 669-70 (2000). Bloomingdale is a municipality within Du Page County and, at oral argument, plaintiff and the Board agreed that Bloomingdale and Addison are adjoining municipalities. Pursuant to Kirvelaitis, plaintiff had the authority to make an arrest in Bloomingdale. In addition, police officers may make citizen's arrests outside their jurisdictions, and "[t]he use of powers and equipment limited to peace officers is acceptable in [a citizen's] arrest *** provided that

such powers and equipment are not used out of jurisdiction to gather the evidence that justified the arrest." People v. Kleutgen, 359 Ill. App. 3d 275, 279 (2005).

The act of apprehending Ryan Hanses was, as a matter of law, an act of duty. Because there is no dispute that that act resulted in plaintiff's disability, the Board erred in denying plaintiff's application for a line-of-duty disability pension, and the trial court correctly reversed the Board's decision.

Before concluding, we feel compelled to convey our disappointment with certain aspects of the briefs submitted by the Board and by amici curiae. In its opening brief, the Board focused on the question of whether plaintiff was "on duty" within the meaning of section 3--114.1(a). The Board evidently assumed, without any authority or analysis, that an officer must be "on duty" in order to perform an "act of duty." In his brief, plaintiff pointedly challenged this assumption. However, in its reply brief, the Board offered no meaningful response to plaintiff's argument and no analysis of its own reading of the statute. Instead, the Board merely persisted in its initial incorrect assumption. In this regard, the Board's reply brief is decidedly unhelpful. Amici curiae, for their part, have not been particularly helpful either. The arguments in their brief are essentially the same as the Board's. And, despite having gone to the trouble of securing leave to appear in this appeal, amici curiae chose not to file a reply brief, even though plaintiff raised significant arguments not addressed in their original brief.

Plaintiff's brief was not without its shortcomings, but neither the Board nor amici curiae pointed them out. For instance, while plaintiff recognized that an act of duty is one imposed by statute, ordinance, police regulation, or special assignment (40 ILCS 5/5--113 (West 2000)), he never identified any such statute, ordinance, police regulation, or special assignment that applied to this

case. Through our own research we have discovered that plaintiff was, in fact, under a statutory duty to apprehend Hanses. We are puzzled, however, that neither the Board nor amici curiae saw fit to mention the absence of pertinent authority in plaintiff's brief. Plaintiff alternatively argued that the apprehension of Hanses qualified as an act of duty within the meaning of section 5--113 of the Code because it was an act of heroism. Curiously, neither the Board nor amici curiae mentioned that under section 5--113, an act of heroism constitutes an act of duty only if it is "performed in the city" (40 ILCS 5/5--113 (West 2000)) and, thus, may not be applicable here.

We are especially troubled by a particular statement in the brief of amici curiae intimating that the trial court's decision was designed "to curry favor with constituents." Attacking a trial court's reasoning is one thing; impugning the judge's integrity is quite another. The record reveals no basis whatsoever for the accusation. Indeed, the insulting remark conceivably rises to the level of contempt. See People v. Parker, 396 Ill. 583, 586-87 (1947) (filing documents in trial court accusing court of corruption constituted direct contempt of court); Kotowski v. Kotowski, 3 Ill. App. 3d 231, 234 (1971) ("a statement reflecting on the integrity of a judge is an act of contempt"). We further note that Rule 8.2(a) of the Illinois Rules of Professional Conduct provides, in pertinent part, that "[a] lawyer shall not make a statement the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." 134 Ill. 2d R. 8.2(a).

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

O'MALLEY and BYRNE, JJ., concur.