**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240603-U

Order filed February 23, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| INDIRA T. DUBSKY, | ) | Du Page County, Illinois, |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-24-0603 |
| and | ) | Circuit No. 14-D-2440 |
| | ) | |
| DANIEL A. DUBSKY, | ) | Honorable |
| | ) | Leah D. Setzen, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Hettel and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:  The circuit court's finding that there was no substantial change in circumstances was against the manifest weight of the evidence. The circuit court did not abuse its discretion in disregarding witness's testimony when modifying child support award.

¶ 2      Respondent, Daniel A. Dubsky, petitioned to modify his maintenance and child support obligations to petitioner, Indira T. Dubsky, arguing that his former spouse had not made a good-faith effort to become self-supporting, constituting a substantial change in circumstances. The

circuit court denied his motion with respect to maintenance modification but granted it by reducing his child support obligation.

¶ 3      On appeal, Daniel challenges both decisions. He contends the court erred in its finding that Indira's efforts to obtain employment post-dissolution failed to constitute a substantial change in circumstances. He also asserts the court did not appropriately consider the testimony of his vocational witness when modifying his child support obligation. For the reasons that follow, we affirm in part, reverse in part, and remand the cause for further proceedings.

¶ 4                                            I. BACKGROUND

¶ 5      On March 16, 2018, the circuit court of Du Page County entered a judgment for dissolution ending the parties' 22-year marriage. The parties have four children, three of whom remained minors at the time of dissolution. The judgment noted Indira had obtained a transitional Doctor of Physical Therapy degree and had been licensed to practice physical therapy since 1993. At the time of dissolution, she was 50 years old and was a full-time homemaker and care provider for the parties' children. She had not been employed outside of the home since 2005. Daniel was also 50 years old at the time of dissolution. He was most recently employed as a certified public accountant earning a $130,000 salary but had lost his employment the year prior and remained unemployed. The court found that Daniel's own actions contributed to his loss of employment and that he remained voluntarily unemployed.

¶ 6      The court awarded Indira $2,167 in monthly maintenance for a period of 188 months. It also awarded Indira $1,011 in monthly child support. The court calculated these awards by imputing a $110,000 gross annual salary to Daniel based upon his past employment and realistic income earning capacity and by imputing a $30,000 gross annual salary to Indira based upon her present educational level, work experience, and realistic earning capacity.

¶ 7 It found that Indira spent the majority of the parties' marriage performing familial duties, providing caretaking for the parties' children, and supporting Daniel's professional endeavors. It also found Indira's self-sufficiency based on an earned income was unrealistic based on her age and the length of time that she had been out of work.

¶ 8 The court was not persuaded by the testimony of Daniel's vocational witness, Arlene Hirsch. It noted that Hirsch was neither offered nor recognized by the court as an expert. It stated the witness's "testimony simply consisted of checking online websites for physical therapist positions without independently verifying said facts and generalized testimony of what a physical therapist may be capable of earning," and the court accordingly gave the testimony "little weight." It concluded that Daniel's maintenance obligation remained terminable following the fixed term or for other non-applicable circumstances and remained modifiable pursuant to the criteria set forth in the Illinois Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/101 *et seq.* (West 2018).

¶ 9 Following a hearing on the parties' cross-motions to reconsider the dissolution judgment, the court entered an order modifying its language related to Indira's maintenance award. It clarified the award was reviewable, reduced its term to 84 months, and assigned to Indira the burden of instituting proceedings should she seek to extend the term. The order left Daniel's child support obligation unaltered.

¶ 10 Subsequently, Daniel filed a motion and amended motion to modify support, citing his difficulty in procuring work, which the circuit court denied on August 7, 2019. For a period thereafter, Daniel proceeded self-represented and filed several motions seeking modification of his support obligations, including a motion to modify support on July 30, 2020, and two motions to

terminate or abate his support obligations in September 2020, citing his recent involuntary termination as a "significant change in circumstance."

¶ 11    Daniel later retained counsel who filed an October 29, 2021, amended motion to modify or abate support. The motion asserted substantial changes in circumstances had occurred in that he had been involuntarily terminated but had since obtained new employment, that one of the parties' children had emancipated, and cited the COVID-19 pandemic. He also alleged that Indira had not made a good faith effort to become self-supporting.

¶ 12    Daniel's motion advanced to a two-day hearing in July 2024 and continued into August 2024, 7 months before the 84-month maintenance term was set to expire. Indira, who proceeded self-represented at the hearing, was now 57 years old. She testified that she was currently unemployed and had last worked as a hospital staff physical therapist for ten days in November 2023 and for a couple of days in December 2024. Before then, she had last worked part-time in early 2005. She testified to practical issues presented by working in a school and clinical setting at her age. According to Indira, her best chance for employment was through research-based university education, but she had not applied for any university research positions.

¶ 13    Daniel testified that he was employed at Metal-Core Technologies, Inc. for nearly three years, where he oversaw the company's accounting and financial reporting. His monthly salary was $8,625, and his 2023 year-end payroll check reflected $104,211.54 in gross earnings which included a $7,000 bonus.

¶ 14    Daniel again presented Hirsch as a vocational witness, who testified to her updated investigation into the matter. Her work primarily involves evaluating a spouse's employability and earning capacity in dissolution matters. She completed an evaluation of Indira in 2017. The extent of her updated work included reviewing her initial report, interviewing Indira, and "look[ing] at

4

the most recent salary surveys." Hirsch opined that Indira had a wide-ranging earning capacity, between "[$]65,000 or [$]66,000" and $100,000.

¶ 15      On September 17, 2024, the court issued an oral ruling granting in part and denying in part Daniel's motion to modify his support obligations. The court stated that it had considered the credibility of witnesses, their demeanor and manner while testifying, and the applicable case law and statutes, including sections 504 and 510(a)(5) of the Act.

¶ 16      The court denied Daniel's request to modify maintenance. It read its previous findings from the dissolution judgment into the record before finding the parties were in almost "identical positions in terms of income" to that which existed at the time of their dissolution. It found Daniel's allegations regarding Indira's efforts to find employment did not rise to a substantial change in circumstances, noting she had not been ordered to obtain employment. In concluding that Daniel had failed to meet his burden of proving a substantial change in circumstances, it reasoned "there has been essentially no changes in circumstances, let alone substantial changes." As such, the court declined to modify maintenance.

¶ 17      However, it granted Daniel's motion to modify child support, finding he had met his burden of proving a substantial change in circumstances in that two of the parties' children had emancipated since entry of the dissolution judgment. See 750 ILCS 5/510(a)(1), (d) (West 2024). It recalculated his monthly child support obligation as $774.

¶ 18      Daniel now appeals.

¶ 19      II. ANALYSIS

¶ 20      On appeal, Daniel contends there are two points of error in the circuit court's ruling on his motion to modify support. First, he argues that Indira's unemployment and near complete failure to seek employment constituted a substantial change in circumstances that warranted the

5

modification of his maintenance obligation, and the court erred in finding otherwise. Second, he asserts the court erred by failing to consider Hirsch's testimony when setting his modified child support obligation and thus failed to impute a higher income to Indira. Indira argues that Daniel failed to show a substantial change in circumstances based on her lack of employment. She also contends that the circuit court was correct to discount Hirsch's testimony as it had done in its dissolution judgment. We address both of Daniel's contentions in turn.

¶ 21                          A. Court's Maintenance Finding

¶ 22            Daniel's motion to modify alleged two cognizable circumstances which warranted modification of his maintenance obligation: (1) he had involuntarily lost employment, and (2) Indira failed to make good-faith efforts to become self-supporting. The court found that neither circumstance constituted a substantial change in circumstances. On appeal, Daniel does not challenge the circuit court's finding regarding his loss of employment. It is agreed he had been employed for nearly three years at the time of hearing, and the parties were in almost identical positions in terms of income as to when maintenance was awarded. Instead, he exclusively requests review of the second circumstance and asks that we reverse the circuit court's finding that Indira's lack of good-faith effort to seek employment was not a substantial change in circumstances.

¶ 23            Section 510(a-5) of the Act permits the modification of an order for maintenance "only upon a showing of a substantial change in circumstances." 750 ILCS 5/510(a-5) (West 2024). This provision lists nine factors a court reviewing a maintenance modification request must consider. *Id.* A substantial change in circumstances means that either the needs of the spouse receiving maintenance have changed or the ability of the other spouse to pay maintenance has changed. *In re Marriage of Anderson*, 409 Ill. App. 3d 191, 198 (2011). Where modification has been sought before, the circuit court will consider only the facts developed since the last modification hearing

6

and make its determination on whether a substantial change in circumstances has been shown since that date. *Id.* at 198-99. The party seeking modification bears the burden of showing a substantial change in circumstances. *In re Marriage of Dea*, 2020 IL App (1st) 190234, ¶ 18.

¶ 24 When confronted with a petition to modify maintenance, a circuit court engages in a two-step process. See *In re Marriage of Barnard*, 283 Ill. App. 3d 366, 370 (1996). First, it makes a factual determination as to whether there has been a substantial change in circumstances, and second, if it finds a substantial change in circumstances, it then determines whether and by how much to modify maintenance. See *id.* Each step requires a different standard of review: "the first, whether the trial court's factual determination was against the manifest weight of the evidence; and the second, whether its decision at step two above, being a matter for the trial court's discretion, constituted an abuse of that discretion." *Id.* A court's factual finding is against the "manifest weight of the evidence when the opposite conclusion is clearly evident or the finding is arbitrary, unreasonable, or not based in evidence." *Samour, Inc. v. Board of Election Commissioners of City of Chicago*, 224 Ill. 2d 530, 544 (2007). A circuit court's decision on maintenance modification will not be disturbed absent an abuse of discretion which occurs when its ruling " 'is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view' " it has adopted. *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24 (quoting *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009)).

¶ 25 The circuit court's dissolution judgment and resultant order awarded Indira reviewable maintenance for an 84-month period. As such, the maintenance at issue is rehabilitative for a fixed term. See *In re Marriage of Van Hoveln*, 2018 IL App (4th) 180112, ¶ 30. A court may modify a fixed term maintenance award during the term (see *Rice v. Rice*, 173 Ill. App. 3d 1098, 1102 (1988)) and the award "may be extended (or shortened)." *In re Marriage of Mayhall*, 311 Ill. App.

7

3d 765, 770 (2000). The aim of rehabilitative maintenance is self-sufficiency through the recipient spouse's own income by "renewing or developing skills *** or reentering the job market." *In re Marriage of Johnson*, 2016 IL App (5th) 140479, ¶ 93. Maintenance recipients are under an affirmative obligation to seek appropriate employment and make good-faith efforts towards self-sufficiency. *In re Marriage of Cheger*, 213 Ill. App. 3d 371, 380 (1991). In practice, however, the goal of self-sufficiency "must be balanced against a realistic appraisal of the likelihood that the [recipient] spouse will be able to support herself in some reasonable approximation of the standard of living established during the marriage." *Id.* at 378.

¶ 26        Illinois courts have found that a recipient spouse's "lack of good-faith effort to achieve financial independence may, if proved, constitute the changed circumstances necessary for modification." *In re Marriage of Lenkner*, 241 Ill. App. 3d 15, 19 (1993); *Mayhall*, 311 Ill. App. 3d at 770 ("The failure of the recipient to make good-faith efforts to achieve financial independence (*e.g.,* to seek employment) can be the basis for a petition for modification pursuant to section 510(a)."); *In re Marriage of Mittra*, 114 Ill. App. 3d 627, 635 (1983) (indicating recipient's failure to make good-faith efforts to achieve financial independence within a reasonable time frame may form the basis for a petition to modify under section 510(a) of the Act).

¶ 27        We briefly address Daniel's citation to our decisions in *McGory* and *Clark*, which he argues support his position. *In re Marriage of McGory*, 185 Ill. App. 3d 517, 520 (1989); *Clark v. Clark*, 237 Ill. App. 3d 492, 496 (1992). These cases do not address the issue he presents here, which is whether the lack of good-faith efforts to seek employment during a fixed term qualifies as a substantial change in circumstances in modification proceedings. Rather, they involve the termination (*McGory*, 185 Ill. App. 3d at 520) and downward modification (*Clark*, 237 Ill. App. 3d at 495) of maintenance resulting from review proceedings, *i.e.*, *after* a delineated maintenance

8

term had lapsed. In other words, this court has affirmed circuit courts' decisions declining *to extend* rehabilitative maintenance terms for lack of the maintenance recipient's self-supporting efforts. See *In re Marriage of Courtright*, 229 Ill. App. 3d 1089, 1093 (1992). However, we note that "review proceedings and modification proceedings are separate and distinct mechanisms by which reconsideration of maintenance can occur." *In re Marriage of Golden*, 358 Ill. App. 3d 464, 469 (2005). A fundamental difference between these proceedings is that a movant is not required to prove that a substantial change in circumstances has occurred to modify a maintenance obligation in review proceedings. *In re Marriage of Heasley*, 2014 IL App (2d) 130937, ¶ 26. Accordingly, Daniel's cited cases have no bearing on whether the circuit court erred at the first step in its initial factual finding that no substantial change in circumstances occurred based on Indira's efforts to seek employment in a modification proceeding. See *Barnard*, 283 Ill. App. 3d at 370.

¶ 28 Even so, we conclude that the circuit court's finding that there was no substantial change in circumstances based on Indira's efforts to seek employment was against the manifest weight of the evidence. In declining to find a substantial change in circumstances, the court noted that "Indira was not ordered to obtain employment and, in fact, income was imputed to her in 2018 setting forth the reasons that she was not employed at trial." Both observations are true. However, even in the absence of a court directive, a spouse receiving rehabilitative maintenance for a fixed term is under a good-faith obligation to become self-sufficient. *In re Marriage of Murphy*, 359 Ill. App. 3d 289, 306 (2005). Evidence which establishes a failure to put forth a good faith effort towards self-sufficiency may constitute a substantial change in circumstances. See *Lenkner*, 241 Ill. App. 3d at 19. Since the August 7, 2019, order denying Daniel's amended motion to modify support, Indira testified that she had worked for approximately a dozen days between November 2023 and December 2024. Otherwise, she had not worked since the parties' dissolution and had last been

9

employed part-time in 2005. She conceded that she had not applied to jobs that she attested would be more suitable for her based on her present circumstances. We hold that the court manifestly erred to the extent it concluded Indira's lack of good faith efforts did not constitute a substantial change in circumstances.

¶ 29 Indira asserts that her self-supporting efforts are but one of the nine factors a court must consider in evaluating a request to modify an order for maintenance. 750 ILCS 5/510(a-5) (West 2024). She directs our attention to the circuit court's findings relevant to other section 510(a-5) factors, which she argues weighs against maintenance modification. See *id.* In doing so, Indira conflates the two-step process a circuit court undertakes when ruling on a petition to modify maintenance. *Barnard*, 283 Ill. App. 3d at 370. Before reaching sections 504(a) and 510(a-5)'s factors, a court must determine whether a substantial change in circumstances has occurred. *Id.* As such, our holding is limited. The circuit court's finding that Indira's self-supporting efforts did not constitute a substantial change in circumstances at this initial step was against the manifest weight of the evidence. Therefore, we reverse and remand the cause for the circuit court to consider the applicable factors in ruling on Daniel's motion to modify.

¶ 30 In doing so, we offer no opinion on the merits of Daniel's motion to modify his maintenance obligation. After considering and weighing the modification factors, a court may but is not required to modify maintenance, even when a party has shown a substantial change in circumstances. *Anderson*, 409 Ill. App. 3d at 203.

¶ 31 B. Witness Credibility

¶ 32 Daniel next asserts that the circuit court erred in failing to consider Hirsch's testimony concerning Indira's earning capacity when computing his modified child support obligation. He

10

argues that testimony supported the imputation of a higher income to Indira than the $30,000 imputed at the time of dissolution.

¶ 33 Here, the circuit court had previously discounted Hirsch and her methodologies in its 2018 dissolution judgment, noting at that time that she was "not offered or recognized by the court as an expert witness." Further, Hirsch's testimony in 2018 had "simply consisted of checking online websites for physical therapist positions without independently verifying [the] facts," and she merely provided "generalized testimony of what a physical therapist may be capable of earning." Hirsch utilized this same methodology in finding Indira's potential salary ranges at the hearing on Daniel's motion to modify.

¶ 34 While the court did not comment on Hirsch's qualifications or credibility for her testimony in the present case, the court read the adverse finding of credibility regarding Hirsch from 2018 into the record. It also stated that it considered the credibility of the witnesses and their demeanor while testifying in coming to its decision on Daniel's motion. The mere fact that a court does not mention certain evidence in reaching its conclusion does not mean it failed to consider that evidence. *Motorola Solutions, Inc. v. Zurich Insurance Co.*, 2015 IL App (1st) 131529, ¶¶ 91, 129 (rejecting argument that the trial court ignored or disregarded evidence when it expressly stated it had weighed and considered witness testimony, judged their credibility, and considered the reasonableness of their testimony in light of the admitted evidence). Given the circuit court's findings, we reject Daniel's assertion that it failed to consider Hirsch's testimony. *Id.*

¶ 35 Daniel essentially asks us to reassess the court's treatment and credibility findings relating to Hirsch. Credibility determinations are findings of fact entitled to deference. *Eychaner v. Gross*, 202 Ill. 2d 228, 270 (2002). We apply the manifest weight of the evidence standard to such determinations "because the trial court is in a superior position to determine and weigh the

11

credibility of the witnesses, observe witnesses' demeanor, and resolve conflicts in their testimony." *Goldberg v. Astor Plaza Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 60. Neither the court's determination that Hirsch was not a credible vocational witness nor its decision to modify child support without relying on her testimony was against the manifest weight of the evidence. It is not our function to assess witness credibility on review. *Jameson v. Williams*, 2020 IL App (3d) 200048, ¶ 51. That function rests with the circuit court which is in a superior position to evaluate the credibility of witnesses. *Id.* ¶ 50.

¶ 36                                                III. CONCLUSION

¶ 37        The judgment of the circuit court of Du Page County is affirmed in part and reversed in part.

¶ 38        Affirmed in part and reversed in part.

¶ 39        Cause remanded.